MATTER OF CARRILLO-GUTIERREZ

In Section 246 Proceedings

A-6670757

*Decided by Board December 21, 1977*

The five-year period of statutory limitations in section 246(a) of the Immigration and Nationality Act, 8 U.S.C. 1256(a), (dealing with rescission of adjustment of status) as it applies to Cuban aliens with a retroactive date of permanent residence granted pursuant to the Act of November 2, 1966 (P. L. 89–732, 80 Stat. 1161), commences to run from the date the application for adjustment was approved and not from the retroactive date of permanent residence.

ON BEHALF OF RESPONDENT:  
    Clemente L. Vazquez-Bello,  
      Esquire  
    1395 Coral Way  
    Miami, Florida 33145

ON BEHALF OF SERVICE:  
    Leonard Leopold  
    Trial Attorney

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

The Service appeals from an order of the immigration judge, dated March 11, 1977, terminating the rescission proceedings under section 246 of the Immigration and Nationality Act on the ground that they are barred by the five-year period of statutory limitations. The appeal will be sustained and the record remanded for further proceedings.

The respondent is a 30-year-old native and citizen of Cuba who was admitted to the United States on July 9, 1960, as a nonimmigrant student. On December 23, 1965, he was granted indefinite voluntary departure and on March 31, 1972, he applied for status as a permanent resident pursuant to the Act of November 2, 1966 (P. L. 89–732, 80 Stat. 1161). On October 24, 1974, his status was adjusted to that of a permanent resident, retroactive to September 30, 1969.

On September 9, 1975, the Service issued the respondent a Notice of Intention to Rescind, alleging that at the time of his adjustment, the respondent failed to advise the immigration officer that he had applied for relief from training and service in the Armed Forces of the United States on August 14, 1968.

The respondent, through counsel, has admitted most of the above

429

facts. However, he contends that September 30, 1969, is the effective date of his permanent residence for all purposes and, thus, rescission is barred by section 246 of the Act, which provides for a five-year limitation on rescinding the adjustment of status. The Service argues that the five-year limitation period was from October 24, 1974—the date the action was taken adjusting the status. The only issue before us, therefore, is whether the five-year limitation period runs from the date of permanent residence or from the date the action was taken granting the permanent residence.

Under the provisions of the Act of November 2, 1966, the effective date of the respondent's permanent residence is September 30, 1969.[1] The immigration judge concluded that this date controls for all purposes and, thus, the statutory five-year limitation period runs from the date of permanent residence created by the adjustment regardless of the date of the action taken granting the adjustment of status. Since the Notice of Intention to Rescind was issued on September 9, 1975, more than five years after the date of permanent residence, he found that the rescission proceedings were barred by the five-year period of statutory limitations. We conclude that the immigration judge's conclusions were incorrect and that his decision to terminate proceedings was in error.

The Service has pointed out that it was the Congressional intent in enacting the Act of November 2, 1966 (P. L. 89–732, 80 Stat. 1161), to provide certain Cuban aliens with a head start toward meeting the residence requirement for naturalization. *Matter of Riva*, 12 I. & N. Dec. 56 (Reg. Comm'r 1967). They argue, further, that there is nothing in the legislative history of the statute to show that Congress intended the retroactive date of permanent residence to control for all purposes.

We recognize the respondent's argument that the five-year limitation in section 246 is remedial in nature, as its purpose is to grant an alien relief from the harsh results of rescission of status and, thus, any doubt or ambiguity is to be interpreted and resolved in a manner favorable to the alien. *Scott v. INS*, 385 U.S. 214, 225 (1966); *Costello v. INS*, 376 U.S. 120, 128 (1964). See also *Quintana v. Holland*, 255 F.2d 161, 164 (3 Cir. 1958). However, our reading of the legislative history of the Act of November 2, 1966, convinces us that its retroactive provision was designed merely as a means of allowing the beneficiaries of the legislation to count some of the time spent in the United States in a status other than that of permanent residents towards their residency requirements for naturalization. See [1966] U.S. Code Cong. and Admin. News 3792

---

[1] The pertinent provision in section 1 of the Act of November 2, 1966 (P. L. 89–732, 80 Stat. 1161), provides: ". . . upon approval of such an application for adjustment of status, the Attorney General shall create a record of the alien's admission for permanent residence as of a date 30 months prior to the filing of such an application or the date of his last arrival into the United States, whichever is later . . . ."

et seq. Any other reading of the statute would do violence to section 4 of the Act of November 2, 1966, wherein it is provided in pertinent part that:

Nothing contained in this Act shall be held to repeal, amend, alter, modify, affect or restrict the powers, duties, functions, or authority of the Attorney General in the administration and enforcement of the Immigration and Nationality Act or any other law relating to immigration, nationality or naturalization.

Thus, we disagree with the immigration judge's interpretation of the applicable law and hold that the five-year period of statutory limitations in section 246(a) of the Immigration and Nationality Act,[2] as it applies to Cuban aliens with retroactive date of permanent residence granted pursuant to the Act of November 2, 1966 (P. L. 89–732, 80 Stat. 1161), commences to run from the date the application for adjustment was approved and not from the retroactive date of permanent residence. Accordingly, the appeal will be sustained and the record remanded for further proceedings.

ORDER: The appeal is sustained and the record is remanded for further proceedings consistent with the foregoing opinion.

---

[2] Section 246(a) of the Act provides in pertinent part:

. . . If, at any time within five years after the status of a person has been otherwise adjusted under the provisions of section 245 or 249 of this Act or any other provision of law to that of an alien lawfully admitted for permanent residence, it shall appear to the satisfaction of the Attorney General that the person was not in fact eligible for such adjustment of status, the Attorney General shall rescind the action taken granting an adjustment of status to such person and cancelling deportation in the case of such person if that occurred and the person shall thereupon be subject to all provisions of this Act to the same extent as if the adjustment of status had not been made.

By our decision we hold that this section of the statute refers to the date the adjustment occurred and not the date of lawful entry created.