MATTER OF DOURAL

In Exclusion Proceedings

A-23217210

*Decided by Board April 14, 1981*

(1) Since it is evident that the alien, a Cuban applicant for asylum, was placed in exclusion proceedings solely because he appeared inadmissible by reason of his criminal record under section 212(a)(9) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(9), it is appropriate that a ruling be made with respect to that exclusion ground.

(2) Where there is reason to believe, by the alien's own admissions or otherwise, that there has been a conviction and that the underlying crime involved moral turpitude, the burden is on the applicant for admission to establish that he is not inadmissible under section 212(a)(9); a finding of inadmissibility need not be supported by a record of conviction.

(3) Where credibility is at issue, the Immigration judge should make specific findings as to the truthfulness of the conflicting evidence presented.

EXCLUDABLE:
Order: Act of 1952—Sec. 212(a)(9) [8 U.S.C. 1182(a)(9)]—Convicted of a crime involving moral turpitude

Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)] Not in possession of a valid immigrant visa

ON BEHALF OF APPLICANT: Timothy Carmody, Esquire
1110 Grand Avenue, Suite 600
Kansas City, Missouri 64105

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

In a decision dated September 29, 1980, an immigration judge found the applicant excludable under section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(20), denied his requests for asylum and relief under section 243(h) of the Act, 8 U.S.C. 1253(h),[1] and ordered him excluded and deported from the United States. The applicant has appealed from that decision. The proceedings will be reopened and the record will be remanded to the immigration judge.

_____
[1] Technically, the applicant applied for asylum. However, the regulations provide that asylum requests made in deportation or exclusion proceedings "shall also be considered as requests for withholding exclusion or deportation pursuant to section 243(h) of the Act." 8 C.F.R. 208.3(b), effective June 1, 1980.

The applicant testified with respect to his crime that he and two others participated in the break-in of a store at about 10 o'clock at exodus from Cuba. At his exclusion hearing, the applicant acknowledged that he had not been issued a visa or any other document entitling him to enter this country. He also admitted that he had been convicted in 1977 of "robbery"[2] and was in the process of serving a 10-year prison sentence imposed pursuant to that conviction when released for the purpose of joining the Cuban boat lift.

The applicant testified with respect to his crime that he and two others participated in the break-in of a store at about 10 o'clock at night, [3] using a stick to pry open the door and effect entry, and stole clothing valued at approximately 200 pesos. Questioned by the trial attorney, the applicant conceded that he and his associates may have taken some money and a sewing machine as well.

At the conclusion of the hearing, the immigration judge found the applicant excludable under section 212(a)(20) as an immigrant without the requisite documents. The applicant's testimony regarding his conviction record notwithstanding, the immigration judge made no finding as to whether he is also excludable under section 212(a)(9) as an alien who has been convicted of a crime involving moral turpitude. The immigration judge did, however, find the applicant precluded by reason of his criminal record from establishing eligibility for asylum or section 243(h) relief.

The statute and the regulations provide that an alien may not obtain a grant of asylum or section 243(h) withholding of deportation, despite a valid persecution claim, where it is determined that "there are serious reasons for considering that the alien has committed a serious nonpolitical crime outside the United States prior to the arrival of the alien in the United States." Section 243(h)(2)(C) of the Act; 8 C.F.R. 208.8(f)(1)(v). On appeal, the applicant insists that he was not convicted of a *serious* nonpolitical crime.

We are unable to render a decision based upon the record now before us. We are not satisfied on the basis of the applicant's testimony alone that his crime, clearly nonpolitical, may be considered "serious" within the contemplation of the Act so as to constitute a bar to the relief sought (*see generally Matter of Rodriguez-Palma*, 17 I&N Dec. 465 (BIA 1980); *Matter of Ballester*, 17 I&N Dec. 592 (BIA 1980)), and the record is not sufficiently developed to permit a finding on the merits of his persecution claim (*see generally Matter of McMullen*, 17 I&N Dec. 542 (BIA 1980)). There is reference in the record to an "attached statement"

---

[2] Although the applicant referred to his crime as a robbery, it appears from his description of the offense that he was actually convicted of burglary.

[3] The applicant testified that he remained outside the building.

(*see* Form I-110) in which the applicant purportedly made an admission against interest. Neither the applicant's statement nor his asylum application, Form I-589, both highly relevant to an adjudication of his asylum request, is contained in the record file. We shall accordingly direct that the proceedings be reopened for the admission of the foregoing documents into evidence and for further development of the record with respect to the applicant's request for asylum.

We reopen and remand for the additional purpose of securing a finding by the immigration judge with respect to the section 212(a)(9) ground of excludability. Since it is evident that the applicant was placed in exclusion proceedings solely because he appeared inadmissible under section 212(a)(9) by reason of his criminal record, we believe it appropriate that a ruling be made on that exclusion ground. *But see Matter of Castellon*, 17 I&N Dec. 616 (BIA 1981).

Where there is reason to believe—by the alien's own admissions, as here, or otherwise—that there has been a conviction and that the underlying crime involved moral turpitude under prevailing United States standards (*see generally Matter of McNaughton*, 16 I&N Dec. 569 (BIA 1978)), it is incumbent upon the applicant for admission to establish that he is not inadmissible under section 212(a)(9). Section 291 of the Act, 8 U.S.C. 1361. A finding of inadmissibility need not be supported by a record of conviction. *See Matter of B-*, 3 I&N Dec. 1 (BIA 1947). *See generally Matter of Rodriguez-Palma, supra; Matter of Ballester, supra.*

On remand, the applicant and the Government should be accorded a reasonable opportunity to submit whatever additional evidence they may wish to present on the questions of the applicant's admissibility and eligibility for asylum. In the event credibility becomes an issue, it would be helpful to the Board to have the immigration judge's specific findings as to the truthfulness of the conflicting evidence presented.

ORDER: The proceedings are reopened and the record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.