## MATTER OF RODRIGUEZ–COTO

In Exclusion Proceedings

A–23221132

*Decided by Board February 21, 1985*

(1) The phrases "particularly serious crime" and "serious non-political crime" in sections 243(h)(2)(B) and (C) of the Immigration and Nationality Act, 8 U.S.C. §§ 1253(h)(2)(B) and (C) (1982), respectively, cannot be interpreted in a manner that would vary dependent on the nature of the evidence of persecution an alien introduces.

(2) The modifiers "particularly serious" and "serious" in sections 243(h)(2)(B) and (C) of the Act relate only to the nature of the crime itself.

EXCLUDABLE: Act of 1952—Sec. 212(a)(9) [8 U.S.C. § 1182(a)(9)]—Crime involving moral turpitude

Sec. 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa

ON BEHALF OF APPLICANT:
Pro se

ON BEHALF OF SERVICE:
David M. Dixon
Appellate Counsel

BY:  Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated May 7, 1984, we dismissed the applicant's appeal from a decision of an immigration judge, which found him excludable from the United States and denied his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h) (1982). In that decision, we found that the applicant had been convicted of a "particularly serious crime" representing criminal behavior that "constituted a danger to the community of the United States." *See* section 243(h)(2)(B) of the Act.[1] By form motion, the applicant now moves this Board to reopen exclusion proceedings to consider additional evidence regarding his applica-

---

[1] The applicant was convicted of armed robbery in the State of California.

tions for asylum and withholding of deportation. The motion will be denied.

The basis of the applicant's present motion is that new and material evidence is available to support his claim for asylum and withholding of deportation based on his claimed fear of persecution arising from his membership in the "Freedom Flotilla as a particular social group." It is submitted that he is not barred from eligibility for the relief sought under the provisions of section 243(h)(2) of the Act and 8 C.F.R. § 208.8(f) (1985) under the rationale set forth in *Matter of Rodriguez-Palma,* 17 I&N Dec. 465 (BIA 1980), and *Matter of Ballester-Garcia,* 17 I&N Dec. 592 (BIA 1980). It is stated that "[w]hen any crime I have committed in either Cuba or the United States is balanced against the degree of persecution I fear, it is clear that I am not ineligible for the relief requested."

The motion will be denied. First, in *Matter of Leon-Orosco and Rodriguez-Colas,* 19 I&N Dec. 136 (BIA 1983; A.G. 1984), we concluded that the evidence of persecution on which this applicant principally relies does not support reopening of these proceedings. Moreover, the intervening event of the December 14, 1984, agreement with Cuba regarding the return of 2,746 Cubans significantly detracts from the evidence offered by the applicants therein and previously considered by this Board. We do not find the December 14, 1984, speech by Fidel Castro referenced in the motion papers to warrant a contrary conclusion.

Secondly, even were we to balance this applicant's crime against the nature of the persecution that he claims he would face, we would find his crime to render him statutorily ineligible for withholding of deportation under the provisions of section 243(h)(2)(B) of the Act and to be one which supports the denial of asylum in the United States.

Finally, however, we reject any interpretation of the phrases "particularly serious crime" and "serious nonpolitical crime" in sections 243(h)(2)(B) and (C), respectively, which would vary with the nature of evidence of persecution.[2] We cannot find that the language and framework of section 243(h) supports such an approach, which would in effect transform a statutory exclusionary clause into a discretionary consideration. Moreover, it is presupposed that all persons barred from relief by the provisions of section 243(h)(2) can demonstrate a clear probability that their life or freedom would be threatened on account of their race, religion, na-

---

[2] We did not find it necessary to resolve this issue in *Matter of Rodriguez-Palma, supra,* and *Matter of Ballester-Garcia, supra,* but do so here in view of the manner in which these motions are framed.

tionality, membership in a particular social group, or political opinion. We find that the modifiers "particularly serious" and "serious" in sections 243(h)(2)(B) and (C) relate only to the nature of the crime itself.

In this case, we have previously found that the applicant has been convicted of a "particularly serious crime" and "constitutes a danger to the United States." No new evidence relevant to this finding has been offered. This finding renders the applicant statutorily ineligible for relief under section 243(h) and supports the previous denial of asylum.

Accordingly, the motion will be denied.

**ORDER:**   The motion to reopen is denied.