## MATTER OF RIVERA-RIOSECO

### In Deportation Proceedings

### A-17372402

### *Decided by Board December 14, 1988*

(1) The effective date of an alien's acquisition of lawful permanent resident status pursuant to section 1 of the Cuban Refugee Adjustment Act of November 2, 1966, is 30 months prior to his application for such adjustment of status, or the date of his last arrival in the United States, whichever date is later.

(2) For purposes of relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1982), the date of acquisition of lawful unrelinquished domicile by an alien who had his status adjusted pursuant to section 1 of the Cuban Refugee Adjustment Act of November 2, 1966, is 30 months prior to his application for such adjustment of status, or the date of his last arrival in the United States, whichever date is later. *Matter of Diaz-Chambrot*, 19 I&N Dec. 674 (BIA 1988), followed.

CHARGE:

Order: Act of 1952—Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of marihuana violation

ON BEHALF OF RESPONDENT:
Jose I. Perez, Esquire
Bennett D. Fultz, P.A.
619 S.W. 12th Avenue
Miami, Florida 33130

ON BEHALF OF SERVICE:
Tammy Fox-Isicoff
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated March 12, 1986, an immigration judge found the respondent deportable as charged under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11) (1982), as an alien convicted of a marihuana-related offense, denied his requests for asylum and withholding of deportation under sections 208 and 243(h) of the Act, 8 U.S.C. §§ 1158 and 1253(h) (1982), for relief under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1982), and for voluntary departure in lieu of deportation under section 244(e) of the Act, 8 U.S.C. § 1254(e) (1982), and ordered him deported to Cuba. The respondent appealed from that decision and requested

oral argument before the Board. The record will be remanded for further proceedings without resort to oral argument.

The respondent is a 41-year-old native and citizen of Cuba, who was paroled into the United States in August 1966. On September 23, 1977, his status was adjusted to that of a lawful permanent resident, retroactive to February 25, 1975, pursuant to the Cuban Refugee Adjustment Act of November 2, 1966, Pub. L. No. 89–732, 80 Stat. 1161. On February 25, 1980, the respondent was convicted of possession with intent to distribute marihuana in violation of 21 U.S.C. § 841(a)(1) (1982) and 18 U.S.C. § 2 (1982). He served over 2 years of a 3-year prison sentence imposed pursuant to that conviction. These deportation proceedings were commenced with an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I–221S) issued on March 11, 1982.[1]

We find that deportability has been established by clear, unequivocal, and convincing evidence as required by *Woodby v. INS*, 385 U.S. 276 (1966), and 8 C.F.R. § 242.14(a) (1988) by the certified record of conviction contained in the record file. We disagree, however, with the immigration judge's conclusion that relief from deportation pursuant to sections 212(c) and 208 of the Act is unavailable to the respondent. The respondent's record will therefore be remanded for further proceedings.

In order to be eligible to apply for a section 212(c) waiver of inadmissibility in cases arising within the jurisdiction of the United States Court of Appeals for the Eleventh Circuit, the jurisdiction in which this case arises, an alien must have maintained a domicile in the United States for 7 consecutive years subsequent to his acquisition of lawful permanent resident status and prior to the issuance of an Order to Show Cause in his case. *Marti-Xiques v. INS*, 741 F.2d 350 (11th Cir. 1984); *cf. Matter of Lok*, 18 I&N Dec. 101 (BIA 1981). The respondent maintains that February 25, 1975, is the effective date of his permanent residence and that he accordingly had satisfied the 7-year requirement by the time the Order to Show Cause was issued on March 11, 1982. The immigration judge ruled, instead, that September 23, 1977, the date his status was adjusted, was the effective date of his acquisition of lawful permanent resident status for purposes of section 212(c) relief from deportation. We agree with the respondent that February 25, 1975, is the effective date for meeting the 7 years of unrelinquished lawful domicile required by the statute.

---

[1] On appeal, the respondent alleges through counsel, without elaboration, that there was no proper service of the Order to Show Cause. We find no basis in the record for the respondent's contention.

The immigration judge's conclusion that September 23, 1977, is the effective date when the respondent's lawful domicile began for purposes of section 212(c) relief was based on our decision in *Matter of Carrillo-Gutierrez*, 16 I&N Dec. 429 (BIA 1977). We held there that the 5-year period of statutory limitations for rescission proceedings under section 246(a) of the Act, 8 U.S.C. § 1256(a) (1976), runs from the date the application for adjustment was approved and not from the retroactive date permanent residence was acquired pursuant to the Act of November 2, 1966. We also stated, however, that the retroactive provision of the Act of November 2, 1966, was designed merely as a means of allowing the beneficiaries of the legislation to count some of the time spent in the United States in a status other than that of permanent resident towards their residence requirements for naturalization. *Id.* at 430. In *Matter of Diaz-Chambrot*, 19 I&N Dec. 674 (BIA 1988), we reviewed the legislative history of the statute, and our previous decisions interpreting its provisions, and withdrew from *Matter of Carrillo-Gutierrez*, *supra*, insofar as it suggests that the retroactivity provisions of the 1966 Act applied solely to the requirement for acquiring United States citizenship. We noted that our reasoning in *Matter of Carrillo-Gutierrez*, *supra*, was not applicable to section 212(c) applications,

because rescission proceedings, by their nature, are controlled by the date the application for adjustment of status is approved, since they challenge the alien's statutory eligibility for adjustment of status on that date. The application of the retroactive provisions under the Act of November 2, 1966, to rescission proceedings would have the unnecessary and unintended result of partially or completely eliminating the period in which the Service is authorized to challenge an alien's adjustment of status. The inquiry in rescission proceedings, which is statutorily directed to the date of approval of an adjustment application, is different from that regarding relief under section 212(c) of the Act, which concerns the period of time the alien has maintained a lawful unrelinquished domicile for purposes of relief from deportation.

The respondent's status was adjusted to that of a lawful permanent resident pursuant to section 1 of the 1966 Act, which provides in relevant part that, "[u]pon approval of such an application for adjustment of status, the Attorney General shall create a record of the alien's admission for permanent residence as of a date thirty months prior to the filing of such an application . . . ." Thus, the plain language of the statute makes no mention of the requirements for citizenship and, instead, speaks specifically of the effective date of the alien's acquisition of lawful permanent resident status.

*Matter of Diaz-Chambrot*, *supra*, at 676–77.

The record reflects that the filing date for the respondent's adjustment application was August 25, 1977. Thus, the effective date for the respondent's acquisition of lawful permanent residence pursuant to section 1 of the Act of November 2, 1966, was February 25,

1975, approximately 7 years and 1 month prior to the issuance of the Order to Show Cause. We are therefore satisfied that the respondent is statutorily eligible for relief under section 212(c) of the Act, having acquired the requisite 7 years of lawful unrelinquished domicile prior to the issuance of the Order to Show Cause. *Matter of Diaz-Chambrot, supra.* Accordingly, we will remand the record to the immigration judge in order to afford the respondent an opportunity to apply for relief under section 212(c) of the Act and to have that application considered by the immigration judge. On remand the respondent retains the burden of establishing that he deserves section 212(c) relief as a matter of discretion. *Matter of Buscemi,* 19 I&N Dec. 628 (BIA 1988); *Matter of Marin,* 16 I&N Dec. 581 (BIA 1978).

We also will sustain the respondent's appeal from the immigration judge's denial of his application for asylum under section 208 of the Act. Subsequent to the immigration judge's March 12, 1986, decision in this case, we concluded in *Matter of Gonzalez,* 19 I&N Dec. 682 (BIA 1988), that it was improper to pretermit asylum applications when the immigration judge concluded that the alien was precluded from obtaining relief pursuant to section 243(h)(2) of the Act by virtue of his having been convicted of a particularly serious crime. Moreover, in *Matter of Pula,* 19 I&N Dec. 467, at 474 (BIA 1987), we specifically noted that ineligibility for section 243(h) relief is one of the factors which should be considered for the exercise of discretion in asylum applications. Therefore, the record will also be remanded for consideration of the respondent's application for asylum in accordance with *Matter of Gonzalez, supra.* We also note that consideration of the respondent's application for section 243(h) relief is only appropriate after a determination regarding asylum is made. *See Matter of Mogharrabi,* 19 I&N Dec. 439, at 447 (BIA 1987). Consequently, we need not decide at this time whether the immigration judge correctly concluded that the respondent's conviction for possession with intent to distribute marihuana is a particularly serious crime for purposes of section 243(h) relief.

ORDER: The respondent's appeal from the finding of deportability and the immigration judge's denial of his application for voluntary departure in lieu of deportation is dismissed.

FURTHER ORDER: The respondent's appeal from the denial of his request for relief under sections 208 and 212(c) of the Act is sustained, and the record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion and the entry of a new decision.