## MATTER OF GONZALEZ

### In Exclusion Proceedings

### A-23225580

*Decided by Board July 27, 1988*

(1) An applicant in exclusion proceedings who has been convicted in a state court of possession of heroin with intent to deliver is statutorily ineligible for the relief of withholding of exclusion and deportation pursuant to section 243(h)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h)(2) (1982), by virtue of having been convicted of a particularly serious crime.

(2) The Board of Immigration Appeals and immigration judges are not bound by the provisions of 8 C.F.R. § 208.8(f)(1)(iv) (1988), which precludes district directors of the Immigration and Naturalization Service from granting asylum to an alien who, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States.

(3) While the Board and immigration judges are not precluded from granting the relief of asylum to an alien who is barred from relief under section 243(h)(2) of the Act as one who has been convicted of a particularly serious crime, we have, as a matter of practice, considered such a bar to be a controlling factor in determining whether an alien warrants a grant of asylum in the exercise of discretion.

(4) The Board now withdraws from the practice of pretermitting asylum applications when the statutory bar is applicable under section 243(h)(2) of the Act and thus requires a full evidentiary hearing on the merits of the claim in order to determine if asylum should be granted in the exercise of discretion. *Matter of Garcia-Garrocho,* 19 I&N Dec. 423 (BIA 1986); *Matter of Carballe,* 19 I&N Dec. 357 (BIA 1986); *Matter of Rodriguez-Coto,* 19 I&N Dec. 208 (BIA 1985); *Matter of Salim,* 18 I&N Dec. 311 (BIA 1982); *Matter of Frentescu,* 18 I&N Dec. 244 (BIA 1982); *Matter of Doural,* 18 I&N Dec. 37 (BIA 1981); *Matter of Ballester-Garcia,* 17 I&N Dec. 592 (BIA 1980); and *Matter of Rodriguez-Palma,* 17 I&N Dec. 465 (BIA 1980), modified.

EXCLUDABLE: Act of 1952—Sec. 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa

Sec. 212(a)(23) [8 U.S.C. § 1182(a)(23)]—Convicted of narcotics violation

ON BEHALF OF APPLICANT:
David Rubman, Esquire
Legal Services Center for Immigrants
Legal Assistance Foundation of Chicago
1661 South Blue Island Avenue
Chicago, Illinois 60608

ON BEHALF OF SERVICE:
Kathleen M. Gaber
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, and Vacca, Board Members. Concurring Opinion: Heilman, Board Member.

In a decision dated July 15, 1986, an immigration judge found the applicant excludable under sections 212(a)(20) and (23) of the Immigration and Nationality Act, 8 U.S.C. §§ 1182(a)(20) and (23) (1982), declined to consider his request for asylum under section 208(a) of the Act, 8 U.S.C. § 1158(a) (1982), and ordered him excluded and deported from the United States. The applicant has appealed. The appeal will be sustained and the record remanded. The request for oral argument before the Board is denied.

The applicant is a 41-year-old native and citizen of Cuba who arrived at Key West, Florida, on June 20, 1980, and was subsequently paroled into the United States. We are satisfied from a review of the record that the applicant was properly found excludable. At an exclusion hearing begun on June 24, 1986, and completed on July 15, 1986, the applicant, who was represented by counsel, conceded his excludability under sections 212(a)(20) and (23) of the Act and does not now challenge those findings on appeal. Moreover, the record contains certified true copies of conviction records pertaining to the applicant which reflect that he was twice convicted on pleas of guilty in the State of Illinois in December 1985, of possession of a controlled substance, to wit: heroin, with intent to deliver and was sentenced to prison for a period of 3 years.

The applicant does not contest the immigration judge's findings that his 1985 convictions for trafficking in heroin were for "particularly serious crimes" and that he was statutorily ineligible for withholding of exclusion and deportation on the basis of those convictions. His only claim on appeal is that the immigration judge improperly pretermitted discretionary consideration of his request for asylum, denying him the opportunity to file a Request for Asylum (Form I-589) and to introduce evidence in support of a favorable exercise of discretion with regard to the requested relief.

We conclude, as did the immigration judge, that the applicant is statutorily ineligible for withholding of exclusion and deportation based on his convictions for trafficking in heroin. We are satisfied that his convictions were for "particularly serious crimes," repre-

senting criminal behavior which "constitutes a danger to the community of the United States." *See* section 243(h)(2)(B) of the Act, 8 U.S.C. § 1253(h)(2)(B) (1982); *Matter of Carballe,* 19 I&N Dec. 357 (BIA 1986); *Matter of Rodriguez-Coto,* 19 I&N Dec. 208 (BIA 1985); *Matter of Frentescu,* 18 I&N Dec. 244 (BIA 1982). The harmful effect to society from drug offenses has consistently been recognized by Congress in the clear distinctions and disparate statutory treatment it has drawn between drug offenses and other crimes. *Compare* sections 241(a)(1) *and* (4) *with* 241(a)(11) of the Act, 8 U.S.C. §§ 1251(a)(1), (4) and (11) (1982). *See also* section 241(b) of the Act. By the Refugee Act of 1980, Pub. L. No. 96-212, 94 Stat. 102, Congress added sections 207(c)(3) and 209(c) of the Act, 8 U.S.C. §§ 1157(c)(3) and 1159(c) (1982), which, in relevant part, permit the Attorney General to waive the criminal exclusionary provisions of section 212(a) of the Act.[1] Congress recognized that such a waiver might be required in the discretion of the Attorney General for humanitarian reasons consistent with the purposes of the Refugee Act. However, it specifically excepted from these waiver provisions that part of section 212(a)(23) relating to trafficking in narcotics, again demonstrating the seriousness with which it views this particular type of criminal offense. S. Rep. No. 256, 96th Cong., 1st Sess. 15, *reprinted in* 1980 U.S. Code Cong. & Ad. News 141, 155.

By regulation, an alien subject to the enumerated grounds of statutory ineligibility for withholding of deportation contained in section 243(h)(2) of the Act is also precluded from being granted asylum by a district director. *See* 8 C.F.R. § 208.8(f)(1) (1988). This regulatory bar does not preclude an immigration judge or the Board from granting asylum to an alien within the scope of section 243(h)(2) of the Act.[2] However, we have considered the presence of a statutory bar to withholding of deportation on the basis of a crime to be a controlling factor in determining whether an alien warrants a grant of asylum in the exercise of discretion. We have approved pretermitting the consideration of asylum applications where, based on the conviction for a particularly serious crime, it was evident that asylum ultimately would be denied in the exercise of discretion.

---

[1] Sections 207 and 209 were added by section 201(b) of the Refugee Act of 1980.

[2] We recognize that an alien who has participated in the persecution of others within the meaning of the Act is not only statutorily ineligible for withholding of deportation pursuant to section 243(h)(2)(A) but is also barred from a grant of asylum under section 208(a) because his conduct excludes him from the definition of refugee under section 101(a)(42)(A) of the Act, 8 U.S.C. § 1101(a)(42)(A) (1982). Section 101(a)(42)(B) of the Act.

This practice of pretermitting asylum applications in cases involving aliens convicted of particularly serious crimes has been judicially reviewed and most recently rejected by the United States Court of Appeals for the Eleventh Circuit in *Arauz* v. *Rivkind,* 845 F.2d 271 (11th Cir. 1988). *See also Shahandeh-Pey* v. *INS,* 831 F.2d 1384 (7th Cir. 1987). We now withdraw approval of the practice of pretermitting asylum applications in such cases. As neither the statute nor the regulations governing the consideration of asylum applications precludes immigration judges or the Board from granting asylum to applicants convicted of particularly serious crimes, an immigration judge should not refuse to conduct a full evidentiary hearing and consider the evidence of record in its totality simply because an applicant for asylum is ineligible for withholding of deportation under the provisions of section 243(h)(2) of the Act. The nature and gravity of the conviction may militate heavily against an applicant for asylum, and in cases may ultimately be the determinative factor, but it is not the only evidence that should be received and considered by an immigration judge or this Board in evaluating whether an otherwise eligible applicant warrants a grant of asylum as a matter of discretion. To the extent that any of the Board's prior precedents suggest a different result they are modified.[3]

We recognize that on rehearing the court in *Arauz* v. *Rivkind, supra,* at 276, disavowed the district court's requirement that a full evidentiary hearing be conducted in these cases and stated that the regulations only required that the alien be afforded some meaningful opportunity to be heard. However, the Board finds that under the existing regulations, which neither address "pretermission" by an immigration judge or the Board nor set forth a procedure for other than a full evidentiary hearing in the relevant cases, the general regulatory procedures should be followed, even in cases involving aliens who have been convicted of "particularly serious crimes." For reasons as much practical as any other, the Board finds that a change, if any, to the general regulatory procedures is more appropriately addressed through regulatory revision. The Board is not confident that, under the present regulations, holding full evidentiary hearings in these cases ultimately will be any more time consuming than creating "hybrid" procedures with concurrent

---

[3] The Board's prior precedents which are modified include: *Matter of Garcia-Garrocho,* 19 I&N Dec. 423 (BIA 1986); *Matter of Carballe,* 19 I&N Dec. 357 (BIA 1986); *Matter of Rodriguez-Coto,* 19 I&N Dec. 208 (BIA 1985); *Matter of Salim,* 18 I&N Dec. 311 (BIA 1982); *Matter of Frentescu,* 18 I&N Dec. 244 (BIA 1982); *Matter of Doural,* 18 I&N Dec. 37 (BIA 1981); *Matter of Ballester-Garcia,* 17 I&N Dec. 592 (BIA 1980); and *Matter of Rodriguez-Palma,* 17 I&N Dec. 465 (BIA 1980).

challenges both to the nature of the procedures and the appropriateness of their application in any given case.

As the immigration judge in the present case pretermitted consideration of the applicant's request for asylum, denying him the opportunity to file a Request for Asylum and to introduce evidence in support of a favorable exercise of discretion with regard to the requested relief, the appeal will be sustained and the record remanded. On remand, the applicant shall be afforded the opportunity to present evidence on the merits of his asylum claim and evidence as to whether the requested relief is warranted in the exercise of discretion.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion and the entry of a new decision.

*CONCURRING OPINION:* Michael J. Heilman, Board Member

I respectfully concur.

While I agree with the majority that pretermission of an asylum claim on the ground that the applicant has committed a "particularly serious crime" is incorrect, I would not link this conclusion so strongly to the holding in *Arauz v. Rivkind,* 845 F.2d 271 (11th Cir. 1988). That decision is based on an interpretation of regulatory language. The court strongly implies that a simple change in the regulations would be sufficient to accord immigration judges the same authority to deny asylum supposedly provided to district directors under 8 C.F.R. § 208.8(f)(iv) (1988), without considering, "if offered, evidence other than the alien's conviction when considering a request for asylum." *Arauz v. Rivkind, supra,* at 277.

If my understanding of the Eleventh Circuit's decision is correct, then we could find ourselves revisiting this issue, if the regulations were to be changed. I do not believe that this impression should be left. There are many substantial reasons for withdrawing from previous Board decisions which authorized the pretermission of asylum claims. One would not know from reading this decision that any existed, and that they exist quite independently of *Arauz v. Rivkind, supra,* and *Shahandeh-Pey v. INS,* 831 F.2d 1384 (7th Cir. 1987). In my view, the most compelling reason for withdrawing from our previous position is that, in practice, section 208 of the Immigration and Nationality Act, 8 U.S.C. § 1158 (1982), has become virtually indistinguishable from section 243(h) of the Act, 8 U.S.C. § 1253(h) (1982), in regard to the effect a conviction for a particularly serious crime has on an asylum application. In essence,

section 243(h)(2)(B) of the Act has been incorporated by administrative interpretation into section 208 of the Act, and the provisions have become coterminous.

Secondly, the practice of pretermission of asylum claims appears to have ignored the basically humanitarian nature of asylum. If one accepts the proposition that the asylum process by its very nature is meant to provide refuge to persons whose lives or freedom are in danger, then it hardly seems advisable to provide a process which specifically permits an immigration judge or this Board to bar any evidence of the nature of the harm the applicant might face. If, for instance, an individual faced the possibility of death, or torture and inhuman treatment, would we not want to know this before deciding to deny asylum in discretion, even where the individual has committed a particularly serious offense?

Finally, the decision reaches an issue which was not raised on appeal by the applicant, the question of whether the convictions were for a "particularly serious offense." While it was not necessary to reach this issue, the majority's discussion might leave one with the impression that the term has been applied only to drug trafficking and similar offenses. I would simply add for purposes of clarification that this provision has enjoyed in several instances a very expansive interpretation. In addition, it has, as a general matter, been interpreted to reach well beyond the categories of offenses suggested in the Office of the United Nations High Commissioner for Refugees, *Handbook on Procedures and Criteria for Determining Refugee Status Under the 1951 Convention and the 1967 Protocol Relating to the Status of Refugees* (Geneva, 1979), whose more limited application of this provision strikes me as more in keeping with the nature of the asylum provisions. The *Handbook* would apply this language only to a "capital crime or a very grave punishable act." *Id.* at para. 155.

The majority is correct that *Arauz v. Rivkind, supra,* is a good reason to withdraw from the practice of pretermitting asylum claims. It is not the best or most substantial reason, however, and I would base the decision on the other grounds discussed above, as well.