**Alex Rodriguez GERRERO, Petitioner,**

v.

**A.D. MOYER, District Director Immigration and Naturalization Service, Respondent.**

**No. 90 C 188.**

United States District Court,
N.D. Illinois, E.D.

May 10, 1990.

Royal F. Berg, Chicago, Ill., for petitioner.

James G. Hoofnagle, Jr., Sp. Asst. U.S. Atty., Chicago, Ill., for respondent.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Alex Rodriguez Gerrero is a Cuban native who landed in Key West, Florida, in May 1980, as part of the well-publicized "Mariel Boat Lift." Gerrero came to this country without authorization, but he asked for political asylum. The Attorney General of the United States paroled Gerrero into the United States pursuant to 8 U.S.C. § 1182(d)(5) (1976), as amended. Gerrero remained as a parolee—a status allowing an alien to remain in the United States without formal "admission," see *Leng May Ma v. Barber*, 357 U.S. 185, 187–90, 78 S.Ct. 1072, 1073–75, 2 L.Ed.2d 1246 (1958)—until November 30, 1989. The government then revoked Gerrero's parole on account of convictions for two crimes in Wisconsin, and violations of probation terms imposed for those convictions.

On December 4, 1989, the U.S. Immigration and Naturalization Service ("INS") served Gerrero with a Notice of Parole Revocation. The INS also advised Gerrero that it was commencing proceedings under 8 U.S.C. § 1182(a) (1982) to exclude him from admission into the United States. A hearing was scheduled for December 18, 1989, before an immigration judge. Gerrero was hospitalized on that day, and could not appear. Presumably to keep his calendar clear, the immigration judge "administratively" closed the case.[1] Gerrero filed a petition for a writ of habeas corpus in this court on January 12, 1990. After he had filed his petition, INS agents allegedly removed Gerrero from his hospital bed and imprisoned him.[2]

■■ The District Director of the INS has moved for dismissal of Gerrero's petition for lack of jurisdiction and failure to state a claim upon which this court may grant relief. See Rules 12(b)(1) and 12(b)(6), Fed. R.Civ.Pro. In his petition, Gerrero claims that this court has jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), *id.* at § 1105a(b), and 28 U.S.C. § 1361 (1982). In response to the Director's motion, Gerrero comes close to abandoning the first two grounds for jurisdiction, as well he should. Section 1252(a)(1) gives "[a]ny court of competent jurisdiction [the] authority to review or revise any determination of the Attorney General concerning detention, release on bond, or parole pending final decision of deportability" of an alien. The only aliens whom the government may deport under § 1252, however, are those whom the government formally has admitted already. See *Barber*, 357 U.S. at 187, 78 S.Ct. at 1073–74. The government never has admitted Gerrero into the United States as anything other than a parolee, and thus it may not employ § 1252 to oust him. If the government may not use § 1252 to deport Gerrero, this court does not have jurisdiction under that statute either.

Section 1105a(b) similarly does not give this court jurisdiction. That section provides:

> Notwithstanding the provisions of any other law, any alien against whom a final order of exclusion has been made heretofore or hereafter under the provisions of section 1226 of this title or comparable provisions of any prior Act may obtain judicial review of such order by habeas corpus proceedings and not otherwise.

The impediment to this court's use of § 1105a(b) in this case is that Gerrero is not yet subject to a "final order of exclusion," as the statute defines that term. The immigration judge who was to preside over Gerrero's hearing never ordered Gerrero's exclusion. Rather, the immigration judge closed the case for convenience, apparently without deciding whether to expel Gerrero. The Board of Immigration

---

**1.** This fact is reported by the Director. He has not provided proof of it, but Gerrero has not contested the Director's representation either.

**2.** How Gerrero could have petitioned for a writ of habeas corpus before being taken into custo-

dy is not clear from the record. For this reason, the court will decline to address Gerrero's contention that the INS violated General Rule 24(d) of this court.

Appeals has held that administrative closings do not constitute "final orders" for purposes of appeal to the Board, see *Matter of Amico*, Interim Dec. No. 3063 (Bd. Imm.App. April 21, 1988); the court would find it hard to believe that such a closing would amount to a "final order of exclusion" under § 1105a(b).

■ This leaves Gerrero with 28 U.S.C. § 1361. That statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In his petition, Gerrero requests that the court order the Director to process Gerrero's application for political asylum "expeditiously." Unfortunately for Gerrero, the Director does not have the power to do that while proceedings are underway (stagnant though they are) before the immigration judge. Section 1158(a) of Title 8 permits the Attorney General to establish procedures for asylum applications. These regulations appear in 8 C.F.R. §§ 208.1 et seq. (1989). Section 208.1(b) provides that once the INS has served an alien with notice of an exclusion proceeding, exclusive jurisdiction over the alien's asylum application lies with the immigration judge, not the District Director.

The Director has no power to process Gerrero's application, and accordingly this court may not order the Director to do so. Since Gerrero does not have a meritorious petition for a writ of mandamus under 28 U.S.C. § 1361, this court does not have jurisdiction to grant Gerrero a writ of habeas corpus—or to be more precise, Gerrero has not suggested a jurisdictional ground. What should he do? He could suggest another basis of jurisdiction. Better yet, the court suggests that he look to 8 C.F.R. 208.11. It provides: "An alien may request that an exclusion ... proceeding be reopened pursuant to 8 CFR 103.5 ... on the basis of a request for asylum." The immigration judge may grant an asylum request, or at least enter a final order denying asylum and requiring exclusion. In the latter instance this court's jurisdiction is almost assured.

The court dismisses Gerrero's petition for lack of subject-matter jurisdiction.