Regino **HERNANDEZ–GONZALEZ,**
Petitioner,

v.

**A.D. MOYER, INS District Director,** Respondent.

No. 95 C 1051.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 8, 1995.

Regino Hernandez–Gonzalez, Centralia Correctional Center, Centralia, IL, Pro Se.

James G. Hoofnagle, United States Attorney's Office, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Petitioner, Regino Hernandez–Gonzalez, is a Cuban native and citizen who was paroled [1] into the United States on June 6, 1980. While living in the United States, Mr. Hernandez–Gonzalez has been convicted of several offenses in Illinois. In 1980, he was convicted of aggravated battery and sentenced to two years' incarceration; in 1989, he was convicted of armed robbery and aggravated unlawful restraint and sentenced to seven years' incarceration; and in 1993, he was sentenced to four years' incarceration for unlawful use of a weapon and nine months' incarceration for possession of a controlled substance with intent to deliver. In August, 1994, an immigration judge found Mr. Hernandez–Gonzalez excludable under 8 U.S.C. § 1182(a)(9) because he had been convicted of a crime involving moral turpitude.[2] The judge ordered the petitioner excluded and deported from the United States.

The Board of Immigration Appeals ("BIA") affirmed the immigration judge's de-

---

1. "[F]or emergent reasons or for reasons deemed strictly in the public interest," the Attorney General grants parole to aliens applying for admission to the United States. 8 U.S.C. § 1182(d)(5)(A).

2. 8 U.S.C. § 1182(a)(2)(A)(i)(I) is presently the section providing that an alien is excludable for being convicted of a crime involving moral turpitude.

cision. It found that aggravated battery, armed robbery and unlawful aggravated restraint are crimes of moral turpitude, and the fact that the petitioner was convicted of these serious crimes indicates that he is a danger to the community. As a result, Mr. Hernandez–Gonzalez was not eligible for asylum or withholding of exclusion and deportation. The BIA also held that because the petitioner was an alien in exclusion proceedings as opposed to deportation proceedings, the suspension of deportation provision was not available to him; 8 U.S.C. §§ 1182(c), (h) did not apply to the petitioner because he has never been given permanent resident status; the purported delay in instituting exclusion proceedings was not reviewable because the decision to commence such proceedings involves the exercise of prosecutorial discretion; and the immigration judge properly considered the 1989 conviction in making his determination.

Subsequently, Mr. Hernandez–Gonzalez filed this petition for habeas corpus pursuant to 8 U.S.C. § 1105a(b) seeking judicial review of the BIA's final order of exclusion. The respondent, A.D. Moyer, INS District Director, has moved to dismiss the petition. For the reasons discussed below, the respondent's motion will be granted.

### The Petitioner's Arguments

Mr. Hernandez–Gonzalez argues that respondent's motion to dismiss must be denied for several reasons. He first argues that the immigration judge and the BIA should have taken into account that his leaving the United States would cause hardship to his wife who had undergone heart surgery several times and was still ill. On this ground, the petitioner believes that he should be able to avoid exclusion under 8 U.S.C. §§ 1182(c), (h), 1254(a)(1).

■ Section 1254(a)(1), which permits the Attorney General to "suspend deportation and adjust the status to that of an alien lawfully admitted" for certain aliens, does not apply to the petitioner. "Deportation" is different from "exclusion." Individuals who are seeking admission into the United States are subject to exclusion proceedings while those who have been admitted into the country but

want to avoid being expelled benefit from deportation proceedings. *Sale v. Haitian Centers Council, Inc.,* 509 U.S. 155, —— – ——, 113 S.Ct. 2549, 2560–61, 125 L.Ed.2d 128 (1993). As a parolee, Mr. Hernandez–Gonzalez was permitted to remain in the United States without being officially admitted. *Leng May Ma v. Barber,* 357 U.S. 185, 186–90, 78 S.Ct. 1072, 1073–75, 2 L.Ed.2d 1246 (1958); *Gerrero v. Moyer,* 738 F.Supp. 1164, 1165 (1990) (citing *Leng May Ma v. Barber, supra,* 357 U.S. at 187–90, 78 S.Ct. at 1073–75). Consequently, he was subject to the exclusion provisions in 8 U.S.C. §§ 1221–1230 rather than the laws governing deportation which are codified at 8 U.S.C. §§ 1251–1260. *See Mejia–Ruiz v. Immigration and Naturalization Service,* 51 F.3d 358, 360 n. 1 (2nd Cir.1995). Mr. Hernandez–Gonzalez is not eligible for suspension of deportation under 8 U.S.C. § 1254(a)(1).

■ 8 U.S.C. § 1182(c) states that the class of excludable aliens does not include [a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years.

As a parolee, Mr. Hernandez–Gonzalez was never lawfully admitted for permanent residence in the United States. Accordingly, section 1182(c) cannot provide him relief.

■ Under 8 U.S.C. § 1182(h), an individual who is excluded for being convicted of crimes involving moral turpitude may avoid exclusion if (1) his departure would cause extreme hardship to his American citizen spouse and (2) "the Attorney General ... has consented to the alien's applying or reapplying for a visa, for admission to the United States, or adjustment of status." The petitioner does not assert and the documents submitted to the court do not indicate that the Attorney General has consented to him applying for an immigrant visa for admission to the United States or for adjustment of status. Section 1182(h) cannot assist Mr. Hernandez–Gonzalez.

■ Mr. Hernandez–Gonzalez also asserts that while the immigration judge could de-

cide whether he was convicted of a crime of moral turpitude based on the 1993 conviction for possessing and intending to deliver a controlled substance, he was prohibited from considering the 1989 conviction for armed robbery and aggravated unlawful restraint and, apparently, his 1980 conviction for aggravated battery. Mr. Hernandez–Gonzalez claims that 8 U.S.C. § 1252(i), which states that "the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of the conviction," prevents consideration of the earlier convictions. Section 1252(i) is located in the deportation statute rather than the exclusion statute and therefore, as explained above, cannot apply to the petitioner who suffered exclusion rather than deportation proceedings. There is no discernible reason under the immigration law why Mr. Hernandez–Gonzalez's 1989 and 1980 convictions could not be considered in deciding if he is excludable from the United States.

 Mr. Hernandez–Gonzalez further argues that he should be granted asylum and withholding of deportation on the grounds that he has a well-founded fear that he will be persecuted if he is excluded from the United States. Asylum and withholding of deportation are not available to individuals who are a danger to the community as a result of having been convicted of a particularly serious crime. 8 C.F.R. §§ 208.14(d)(1), 208.16(c); 8 U.S.C. § 1253(h)(2)(B);[3] *see e.g. Garcia v. Immigration and Naturalization Service*, 7 F.3d 1320, 1323 (7th Cir.1993); *Urbina–Mauricio v. Immigration and Naturalization Service*, 989 F.2d 1085, 1088 (9th Cir.1993). "An alien who has been convicted of an aggravated felony is considered to have committed a particularly serious crime." 8 U.S.C. § 1253(h)(2)(D). 8 U.S.C. § 1101(43)(G) defines "aggravated felony" to include "a theft offense ... for which the term of imprisonment imposed ... is at least 5 years." The petitioner was sentenced to seven years' incarceration for the offense of armed robbery and, therefore, has committed a particularly

serious crime. Even prior to the amendment adding section 1101(43)(G), the BIA deemed armed robbery a particularly serious crime. *See Matter of Carballe*, 19 I. & N. Dec. 357, 360–361 (BIA 1986), modified on other grounds, *Matter of Gonzalez*, 19 I. & N. Dec. 682 (BIA 1988).[4] This offense is especially heinous because it involved the use of a firearm. Thus, the petitioner's conviction for committing the crime of armed robbery, a particularly serious crime, renders him a danger to the community of the United States. Consequently, Mr. Hernandez–Gonzalez may not be granted relief under these provisions.

 Finally, the petitioner maintains that his status should be adjusted to that of an alien lawfully admitted for permanent residence under 8 U.S.C. § 1255 because his spouse is a United States citizen. To obtain an adjustment in status, an alien must (1) apply for such adjustment, (2) be eligible to receive an immigrant visa, (3) be admissible to the United States for permanent residence and (4) have an immigrant visa immediately available to him at the time of filing an application for adjustment in status. 8 U.S.C. § 1255(a). Mr. Hernandez–Gonzalez is not admissible to this country for permanent residence. His convictions for at least three crimes involving moral turpitude—armed robbery, aggravated battery and unlawful aggravated restraint—render him ineligible for admission to the United States and excludable. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I) and its predecessor, 8 U.S.C. § 1182(a)(9). The petitioner's status may not be adjusted pursuant to 8 U.S.C. § 1255.

### Conclusion

For the reasons set forth above, the INS District Director's motion to dismiss Mr. Hernandez–Gonzalez's petition for habeas corpus is granted.

---

**3.** This statute was amended in 1980 to provide protection to persons subject to exclusion as well as deportation proceedings. *Sale v. Haitian Centers Council, Inc., supra,* 509 U.S. at ——–——, 113 S.Ct. at 2560–61.

**4.** *Matter of Gonzalez* concerned regulations that are no longer applicable.