## Matter of Raul CARRILLO, Respondent

File A077 002 996 - Miami, Florida

*Decided October 21, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

In determining whether an alien whose status was adjusted pursuant to section 1 of the Cuban Refugee Adjustment Act of November 2, 1966, Pub. L. No. 89-732, 80 Stat. 1161, is removable as an alien who has been convicted of a crime involving moral turpitude committed within 5 years after the alien's "date of admission," the admission date is calculated according to the rollback provision of section 1, rather than the date adjustment of status was granted.

FOR RESPONDENT: Keith C. Williams, Esquire, Naples, Florida

FOR THE DEPARTMENT OF HOMELAND SECURITY: Adam Weisholtz, Assistant Chief Counsel

BEFORE: Board Panel: GRANT, MALPHRUS, and MULLANE, Board Members.

GRANT, Board Member:

In a decision dated October 9, 2007, an Immigration Judge found the respondent removable under section 237(a)(2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(i) (2006), as an alien convicted of a crime involving moral turpitude committed within 5 years after his date of admission, and ordered him removed from the United States. The respondent has appealed from that decision. The Department of Homeland Security ("DHS") has filed a brief in support of the Immigration Judge's decision. The appeal will be sustained and the proceedings will be terminated.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Cuba who was paroled into the United States on March 4, 1999. His status was adjusted to that of a lawful permanent resident on January 30, 2001, pursuant to the Cuban Refugee Adjustment Act of November 2, 1966, Pub. L. No. 89-732, 80 Stat. 1161 ("Cuban Adjustment Act"). On June 6, 2005, the respondent was convicted of four counts of grand theft, third degree, in violation of section 812.014

of the Florida Statutes. The respondent committed these crimes between August 26, 2004, and September 16, 2004.

At his removal hearing, the respondent admitted the allegations in the Notice to Appear (Form I-862) but denied that he was removable. He asserted that the effective date of his admission to the United States was March 4, 1999, the date of his parole, rather than January 30, 2001, the date on which his adjustment of status was granted, because of the "rollback" provision of the Cuban Adjustment Act. He therefore argued that his crimes involving moral turpitude had not been committed within 5 years after his date of admission. The DHS disagreed, citing *Matter of Carrillo-Gutierrez*, 16 I&N Dec. 429 (BIA 1977), in support of its assertion that the date of the respondent's admission for purposes of establishing his removability was the actual date when he was accorded lawful permanent residence through adjustment of status. The Immigration Judge rejected the respondent's contentions, relying on *Matter of Carrillo-Gutierrez* to find that the rollback provision of the Cuban Adjustment Act was for the limited purpose of making citizenship more obtainable and did not apply in this case. On appeal, the respondent does not dispute that his crimes involve moral turpitude but contends that they were not committed within 5 years of his admission.

## II.  ANALYSIS

We review the Immigration Judge's findings of fact, including those relating to the credibility of testimony, only to determine whether they are "clearly erroneous," while questions of law, discretion, and judgment may be reviewed de novo. 8 C.F.R. §§ 1003.1(d)(3)(i)-(ii) (2009); *see also Matter of V-K-*, 24 I&N Dec. 500 (BIA 2008); *Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008).

We disagree with the Immigration Judge's decision and conclude that the date he applied regarding the respondent's admission was incorrect. Section 1 of the Cuban Adjustment Act, 80 Stat. at 1161, provides, in pertinent part, as follows:

> [T]he status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959 and has been physically present in the United States for two years, may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if the alien makes an application for such adjustment, and the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence. Upon approval of such an application for adjustment of status, the Attorney General shall create a record of the alien's admission for permanent residence as of a date thirty months prior to the filing of such an application or the date of his last arrival into the United States, which ever date is later.

In light of this statute, we hold that for purposes of determining whether the respondent's crimes involving moral turpitude were committed within 5 years after his admission, the correct date of his admission is March 4, 1999, the retroactive date on which he acquired lawful permanent residence pursuant to section 1 of the Cuban Adjustment Act.

The DHS relies on caselaw where we held that the term "date of admission" in section 237(a)(2)(A)(i) of the Act refers to, among other things, the date on which an alien is lawfully admitted for permanent residence by means of adjustment of status. *Matter of Shanu*, 23 I&N Dec. 754 (BIA 2005), *vacated sub nom. Aremu v. DHS*, 450 F.3d 578, 583 (4th Cir. 2006) (stating, however, that the date of adjustment of status might qualify as the date of "admission" where the alien has never been admitted within the meaning of section 101(a)(13)(A) of the Act, 8 U.S.C. § 1101(a)(13)(A) (2006)); *Matter of Rosas*, 22 I&N Dec. 616 (BIA 1999). The alien in *Matter of Shanu* adjusted his status to that of a lawful permanent resident pursuant to section 245 of the Act, 8 U.S.C. § 1255 (1994). Section 245(b) of the Act instructs the Attorney General to "record the alien's lawful admission for permanent residence" upon approval of his or her adjustment application. *See Matter of Shanu*, 23 I&N Dec. at 757; *Matter of Rosas*, 22 I&N Dec. at 619.

Contrary to the DHS's argument on appeal, *Matter of Shanu* and *Matter of Rosas* are not controlling in this case, because the respondent adjusted his status pursuant to section 1 of the Cuban Adjustment Act, which instructs the Attorney General to record the alien's "admission for permanent residence as of a date 30 months prior to the filing of such an application or the date of his last arrival into the United States, whichever is later." *See Matter of Rivera-Rioseco*, 19 I&N Dec. 833 (BIA 1988); *Matter of Diaz-Chambrot*, 19 I&N Dec. 674 (BIA 1988). *See generally* 8 C.F.R. §§ 245.2(a)(5)(iii), 1245.2(a)(5)(iii) (2009). Consequently, the date of his "admission" is not the date on which his application for adjustment was granted, but rather the retroactive date established by section 1 of the Cuban Adjustment Act. *See generally Matter of Rosas*, 22 I&N Dec. at 619 (recognizing that various means of adjustment of status do not record or confer lawful admission for permanent residence the same way, but nevertheless considering them all an "admission").

We also disagree with the DHS's contention that the "rollback" provision of the Cuban Adjustment Act should not be applied in removal proceedings to restrict the enforcement provisions of the Act. The DHS relies on our decision in *Matter of Carrillo-Gutierrez*, 16 I&N Dec. 429, where we held that the 5-year period of statutory limitations for rescission proceedings under section 246(a) of the Act, 8 U.S.C. § 1256(a) (1976), ran from the date the alien's application for adjustment was approved rather than the retroactive date his lawful permanent residence was acquired pursuant to the Cuban

Adjustment Act. We noted in that case that the rollback provision was designed to aid aliens seeking to naturalize to meet their residence requirements, and we declined to apply it in rescission proceedings. According to the DHS, therefore, the application of the rollback provision should be limited in cases involving enforcement provisions of the Act, such as those in the rescission proceedings in *Matter of Carrillo-Gutierrez* and the removal proceedings in this case.

We conclude that *Matter of Carrillo-Gutierrez* is inapposite to this case. Rescission proceedings, by their nature, are controlled by the date the application for adjustment of status was approved, because they challenge the alien's statutory eligibility for adjustment of status on that date. *Matter of Diaz-Chambrot*, 19 I&N Dec. at 676. In contrast, removability under section 237(a)(2)(A)(i) of the Act concerns the period of time after which an alien has been admitted into the United States. The "rollback" provision of the Cuban Adjustment Act defines the date of admission to be one other than that on which the alien's adjustment application was granted. Moreover, we have held that the effect of the retroactivity provision is not limited to the context of the residence requirements for naturalization. *Matter of Diaz-Chambrot*, 19 I&N Dec. at 678, *modifying Matter of Carrillo-Gutierrez*, 16 I&N Dec. 429; *see also Matter of Rivera-Rioseco*, 19 I&N Dec. 833 (holding that an alien whose status was adjusted pursuant to section 1 of the Cuban Adjustment Act began acquiring lawful unrelinquished domicile for purposes of a waiver under former 212(c) of the Act, 8 U.S.C. § 1182 (1994), from the effective date of the alien's acquisition of lawful permanent resident status according to the rollback provision of section 1). In light of the foregoing, we find no merit in the DHS's contention that "rolling back" the respondent's date of admission would improperly circumvent the enforcement provisions of the Act with respect to removal proceedings.

We conclude that the respondent's date of admission for lawful permanent residence is March 4, 1999, which is more than 5 years prior to the date he committed his crimes involving moral turpitude. Therefore, the respondent is not removable as charged under section 237(a)(2)(A)(i) of the Act. Accordingly, his appeal will be sustained and the removal proceedings will be terminated.

**ORDER:** The appeal is sustained and the removal proceedings are terminated.