MATTER OF SACCO

In Deportation Proceedings

A–8955250

*Decided by Board October 11, 1974*

Respondent requested the Board to stay the deportation proceedings pending his application for Naturalization and the issuance by the immigration judge of a subpoena for respondent's military service record. The Board is without jurisdiction to adjudicate interlocutory appeals.

CHARGE:

Order: Act of 1952—Section 241(a)(5) [8 U.S.C. 1251(a)(5)]—Failed to furnish notification of address or other information in compliance with the provisions of section 265 and has not established that such failure was reasonably excusable or was not.willful.

ON BEHALF OF RESPONDENT: David W. Walters, Esquire
100 North Biscayne Blvd.
Suite 1001
Miami, Florida 33132

Respondent appeals from two interlocutory decisions made by an immigration judge during the course of a deportation hearing. Oral argument is requested. Oral argument will be denied and the appeal will be dismissed.

The record reflects that no final order of deportation has as yet been entered by the immigration judge. Among other things, an application under section 243(h) of the Immigration and Nationality Act remains to be adjudicated. The notice of appeal states the subject matter of the appeal as follows:

"Denial by the Immigration Judge of the final orders:
"1. Denial of the Motion for Stay of Proceeding pending Action on the alien's request for Naturalization Under Section 329 of the Immigration and Nationality Act.
"2. Denial of the request for Issuance of Subpeona [sic] to the United States Army personal [sic] records relative to the respondents military service record."

The decisions sought to be reviewed are interlocutory. The regulations defining this Board's jurisdiction permit us to review "Decisions of [immigration judges] in deportation cases," 8 CFR 3.1(b)(2). The regulations do not, in terms, preclude our consideration of appeals from

interlocutory decisions of immigration judges. As a practical matter, we have construed the regulations as contemplating only appeals from final decisions. On appeal from a decision of an immigration judge, we review such interlocutory decisions as may be raised by the parties. To permit piecemeal review of interlocutory orders of an immigration judge at successive stages of a deportation proceeding before final decision would only open the door to obfuscation and delay. As a general rule, therefore, we may safely say that we have no jurisdiction under the regulations to adjudicate interlocutory appeals.

In *Matter of Fong*, 14 I. & N. Dec. 670 (BIA 1974), we did review a decision of an immigration judge which was not final in form. We there stated (at p. 3), "The order entered by the immigration judge in this case, though interlocutory in form, is far-reaching in effect and raises an important issue in the administration of the immigration laws. The question is presented in a setting which gives it sufficient finality to warrant decision by us at this time." The same cannot be said of the case before us.

We conclude that we lack jurisdiction to adjudicate this appeal. Oral agrument would serve no useful purpose. We are satisfied from our review of the record that the appeal is frivolous and filed solely for purpose of delay. We shall therefore deny oral argument under 8 C.F.R. 3.1(d)(1-a)(iv) and dismiss the appeal summarily. We note, in passing, that the pendency of a deportation proceeding is no longer a bar to naturalization under section 329 of the Act.

ORDER: Oral argument is denied.

*Further order:* The appeal is dismissed for lack of jurisdiction.