## MATTER OF FONG

### In Deportation Proceedings

#### A-14214045

*Decided by Board April 23, 1974*

Notwithstanding the contrary position of the United States Court of Appeals for the Ninth Circuit (within jurisdiction of which instant case arose) the immigration judge is bound by the decision of the Attorney General in *Matter of Lee*, 13 I. & N. Dec. 214 (1969), and must find respondent, an alien who entered the United States in 1955 without inspection upon a false claim to citizenship, ineligible for the benefits of section 241(f) of the Immigration and Nationality Act, as amended, and must accept and adjudicate her application for suspension of deportation as a deportable alien.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered the United States without inspection.

ON BEHALF OF RESPONDENT:
  Robert S. Bixby, Esquire
  30 Hotaling Place
  San Francisco, California 94111

ON BEHALF OF SERVICE:
  Bernard J. Hornbach
  Trial Attorney

This is an appeal by the Service from an order of an immigration judge adjourning indefinitely the hearing in respondent's case. We sustain the appeal and remand to the immigration judge for further hearing.

Respondent is an alien widow, a native and citizen of China, who was admitted to the United States on or about January 26, 1955 as a citizen, without inspection as an alien, on her false claim to United States citizenship. She has three minor children who are United States citizens. An Order to Show Cause in deportation proceedings was issued on January 28, 1974, charging that respondent is deportable under section 241(a)(2) of the Immigration and Nationality Act as an alien who had entered without inspection.

At a hearing before an immigration judge on February 15, 1974, at which respondent was absent but was represented by present counsel, the latter admitted the truth of the factual allegations of the order to show cause and conceded deportability. Counsel

applied for suspension of respondent's deportation under section 244(a) of the Act, on the claim that her deportation would result in extreme hardship to her three citizen children. The immigration judge orally continued the hearing indefinitely, without receiving or adjudicating the suspension application. In the formal written order before us on appeal, the immigration judge concluded that he was bound by the decisions of the United States Court of Appeals for the Ninth Circuit[1] to hold that termination of the proceedings is required under section 241(f) of the Act and that as a nondeportable alien the respondent is ineligible for relief under section 244(a)(1). The immigration judge pointed out that, pending ultimate definitive decision on the section 241(f) issue, 250 cases involving that issue have been held in abeyance, encompassing both aliens who are and are not otherwise eligible for suspension of deportation. In keeping with that policy, the immigration judge ordered that the hearing in this case be adjourned indefinitely.

The first question presented is whether we have authority to review such an order of an immigration judge. As to this, the immigration judge expressed some doubt. (Opinion, p. 3, n. 4). We are troubled by no such doubt. Under 8 CFR 3.1(b)(2) we have power to review "[d]ecisions of [immigration judges] in deportation cases, as provided in Part 242 of this chapter . . ." 8 CFR 242.21, governing appeals, places no limitation on the nature of the decisions we may review. Under 8 CFR 3.1(d), we are empowered to "exercise such discretion and authority conferred upon the Attorney General by law as is appropriate and necessary for the disposition of the case." The order entered by the immigration judge in this case, though interlocutory in form, is far-reaching in effect and raises an important issue in the administration of the immigration laws. The question is presented in a setting which gives it sufficient finality to warrant decision by us at this time.

The immigration judge also questions whether, in view of his physical location within the jurisdiction of the Ninth Circuit Court of Appeals, he is not bound to follow the decision of that court in *Lee Fook Chuey* v. *INS, supra,* with respect to section 241(f), rather than that of this Board in *Matter of Perez-Echeverria,* Interim Decision No. 2200 (BIA 1973). Under 8 CFR 3.1(g), decisions of the Board, unless modified or overruled by us or the Attorney General, "shall be binding on all officers and employees of the Service in the administration of the act." Immigration judges, though endowed with the power to exercise their own independent judgment as quasi-judicial officers, are still "officers and employees of the Service." If they were individually free to

---

[1] See, e.g., *Lee Fook Chuey* v. *INS,* 439 F.2d 244 (9 Cir. 1971); *Perez-Echeverria* v. *INS,* Cir. No. 73–2186, February 27, 1974).

disregard the precedents established by our decisions, the need for nationwide uniformity underlying our delegated power of review under 8 CFR 3.1(b) would be frustrated and the provisions of 8 CFR 3.1(g) would be rendered nugatory.

Moreover, we as well as the immigration judges are bound by the decisions of the Attorney General. In *Matter of Lee*, 13 I. & N. Dec. 214 (A.G. 1969), the Attorney General overruled our prior holding with respect to section 241(f). He has not accepted as definitive the later decision in *Lee Fook Chuey* v. *INS, supra.* Therefore, neither we nor the immigration judges may accept it as definitive. In *Reid* v. *INS*, 492 F.2d 251 (C.A. 2, 1974), the Attorney General's construction of section 241(f) was recenty endorsed. This conflict between Courts of Appeals in different circuits should pave the way for ultimate definitive decision in the Supreme Court. Even if certiorari petitions are applied for and granted, however, it will be at least a year before a Supreme Court decision on the merits can normally be expected. The question confronting us is whether, in the interim, it is better to proceed administratively in cases such as respondent's or, as the immigration judge has done, hold them in abeyance.

In essence, the question is one of sound administration rather than law. The competing interests involved are the alien's desire, on the one hand, to proceed as speedily as may be with his application for suspension; and the Government's interest, on the other hand, in not expending valuable time and resources in processing suspension cases which could abort on a definitive ruling in the Supreme Court in the not-too-distant future. On balance, we conclude that it is better administration of the law to proceed with the suspension applications.

Since the immigration judge is bound by the Attorney General's decision in *Matter of Lee, supra*, he should have no difficulty in finding the alien deportable as a prerequisite to suspension eligibility. The suspension application, once processed and granted, would be referred to Congress. If, ultimately, the Attorney General's reading of section 241(f) is sustained by the Supreme Court, the Government will have lost nothing and the alien will have gained valuable time on his road to permanent residence. And even if the ultimate decision on section 241(f) requires termination of the deportation proceedings, the alien will have lost nothing, for he will not have been prejudiced by any unnecessary delay; and all the Government will have lost will be the resources invested in the aborted suspension proceedings. The Service is evidently willing to take its chances on such an investment, or else it would not have appealed from the immigration judge's decision in this case.

Insofar as concerns the other cases referred to by the immigra-

tion judge, in which the aliens qualify for no form of discretionary relief from deportation except voluntary departure or possibly termination under section 241(f), we agree that good administration requires that such cases be held in abeyance pending ultimate resolution of the section 241(f) issue in the Supreme Court.

We disregard as *obiter dictum* the immigration judge's statement (Opinion, p. 16) that, in cases where aliens otherwise eligible for suspension are in a position to adjust their status by going to Canada, he would deny such suspension applications as a matter of discretion. We are satisfied that, when the cases are presented, the immigration judge will adjudicate each case on its own merits, without in advance setting up arbitrary generalized standards for the exercise of his discretion.

**ORDER:** The appeal is sustained.

*Further order:* The hearing is reopened and the record is remanded for further proceedings consistent with the foregoing opinion.