MATTER OF SEREN

In Deportation Proceedings

A-18125976

*Decided by Board February 25, 1976*

(1) Prior to the commencement of deportation proceedings, the district director may determine where the hearing should be held. Once jurisdiction has lodged with the immigration judge, the district director lacks the power to change, or deny a request to change, the place of hearing. Thus, the district director's letter of January 22, 1976, denying respondent's request for a change of venue subsequent to the commencement of the deportation hearing, was of no effect.

(2) Since the authority of the Immigration judge under 8 CFR 242.8(a) to take such action as "may be appropriate to the disposition of the case" encompasses the power to rule on a motion to change venue, respondent's motion for a change of venue, made subsequent to the commencement of hearing in the instant deportation proceedings, should have been heard by the immigration judge and the venue question decided on its merits.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251 (a)(4)]—Convicted of a crime involving moral turpitude—sentenced to confinement for a year or more.

ON BEHALF OF RESPONDENT:
Shyleur Barrack, Esquire
The Legal Aid Society
Prisoners Civil Legal Assistance Unit
11 Park Place
New York, New York 10007

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

On January 27, 1976 the respondent submitted a Notice of Appeal, Form I-290A. Although it is not entirely clear, it appears that the respondent by his appeal seeks to review both a decision of the district director denying a request for a change of venue and an interlocutory decision of the immigration judge ruling that he did not have jurisdiction to consider a motion to change venue at a deportation hearing. Both decisions were incorrect with respect to the matter of jurisdiction.

This Board does not ordinarily entertain appeals from interlocutory decisions of immigration judges. *Matter of Sacco,* 15 I. & N. Dec. 109 (BIA 1974). However, there is a significant issue involved in this case concerning the jurisdictional powers of the immigration judge and the

District Director. Therefore, we shall certify this record to us pursuant to 8 CFR 3.1(c).

On July 23, 1975, the respondent was served with an order to show cause while he was incarcerated at a New York State correctional facility in Dannemora, New York. Upon release by the state authorities on January 2, 1976, the respondent was taken into custody by the Immigration and Naturalization Service and removed to Buffalo, New York. On January 5, 1976, the hearing was commenced before the immigration judge. The hearing was then adjourned to give the respondent an opportunity to obtain counsel.

On January 20, 1976, the district director received the respondent's motion for a change of venue. Although it is not clear when the motion was made, it appears to have been made *subsequent* to the commencement of the hearing before the immigration judge on January 5, 1976. In a letter dated January 22, 1976, the district director purported to deny the request. Counsel for respondent claims the district director's letter was received January 26, 1976.

On January 23, 1976, the hearing before the immigration judge was reconvened. The respondent was represented by an attorney from the Legal Aid Society of Buffalo. Counsel for the respondent renewed the motion for a change of venue to New York City. A lengthy discussion between counsel and the immigration judge ensued. The immigration judge ruled that he did not have jurisdiction to order a change of venue and refused to consider any evidence relating to the motion submitted by the respondent. It appears that prior to his incarceration, the respondent resided in New York City. His counsel of record is also located there.

The immigration judge granted an adjournment of the hearing until January 29, 1976. Although it is not entirely clear from the record, it appears that the immigration judge granted the adjournment for the purpose of allowing the respondent to consider how he wished to proceed to obtain a review of the immigration judge's decision with respect to the issue of venue. The respondent submitted his appeal and the record was forwarded to this Board.

The place of the hearing will initially be set in the order to show cause. Thus, prior to the commencement of the proceeding, the district director may determine where the hearing should be held. 8 CFR 242.8(a) grants the immigration judge the power to take such action as "may be appropriate to the disposition of the case." Encompassed within that grant of authority is the power to rule on a motion to change venue. *Matter of K.* 5 I. & N. Dec. 347 (BIA 1953). Matters involving procedural due process in a hearing before an immigration judge, are under his jurisdiction. Venue is, of course, such a matter. Cf. *Chlomos v. INS*, 516 F.2d 310 (C.A. 3, 1975); *La Franca v. INS*, 413 F.2d 686 (C.A. 2,

1969). Once such jurisdiction has lodged with the immigration judge, the district director lacks the power to change, or deny a request to change, the place of hearing.

The letter from the district director of January 22, 1976 denying the request for change of venue therefore was of no effect. The immigration judge should have heard the motion and decided the venue question on its merits in the sound exercise of his discretion. Accordingly, we shall remand the record to the immigration judge for further proceedings.

Counsel for the respondent has requested oral argument. We have certified this case to ourselves solely to resolve the jurisdictional issue, and not to consider the merits of the motion. In the posture in which this case now stands before us, we have disposed of the matter favorably to the respondent, who appears to remain in detention. Oral argument would appear to serve no useful purpose nor would its denial prejudice the respondent. Accordingly, oral argument will not be scheduled in this matter. Cf. *Matter of Andrade*, 14 I. & N. Dec. 651 (BIA 1974).

**ORDER:** The record is remanded to the immigration judge for further proceedings.