## MATTER OF RUIZ-CAMPUZANO

### In Deportation Proceedings

### A-21087873

*Decided by Board September 27, 1979*

(1) Although 8 C.F.R. 3.1(b)(2) does not, per se, preclude the Board's consideration of appeals from interlocutory decisions of immigration judges, as a practical matter the Board has construed the regulations as contemplating only appeals from final decisions. *Matter of Sacco,* 15 I&N Dec. 109 (BIA 1974).

(2) Once a deportation hearing has begun, questions regarding venue are within the jurisdiction of the immigration judge and not the District Director. *Matter of Seren,* 15 I&N Dec. 590 (BIA 1976).

(3) While the Board has entertained an interlocutory appeal where there was a significant issue concerning the jurisdiction of an immigration judge, the question of whether there should be a change of venue, in any given case, is not such an issue.

(4) Where the respondent moved to change venue because her United States citizen child, her prospective husband and mother-in-law and counsel retained on her behalf were all situated in Florida and the immigration judge denied the motion and adjourned the hearing without entering a final order of deportability, the Board would not entertain the appeal since at that particular stage of the case, determination of the venue question was within the jurisdiction of the immigration judge. *See Matter of Fong,* 14 I&N Dec. 670 (BIA 1974).

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—
       Nonimmigrant—remained longer than permitted

Lodged: Sec. 241(a)(11) [8 U.S.C. 1251(a)(11)]—
    Convicted of violation of law relating to illicit possession and sale of a controlled substance, to wit, cocaine, in violation of section 220.39 of New York Penal Law

ON BEHALF OF RESPONDENT: Annette Flstein, Esquire
           The Legal Aid Society
           11 Park Place
           New York, New York 10007

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire and Farb, Board Members

The respondent appeals from a decision of an immigration judge dated July 2, 1979, denying her motion to change venue. The appeal will be dismissed.

The respondent is a female alien, allegedly a native and citizen of Colombia. On May 14, 1976, the Service issued an Order to Show Cause alleging that the respondent had been admitted to the United States in May 1970 as a nonimmigrant for pleasure authorized to remain until November 1970, that she failed to depart and was therefore deportable under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2). On June 28, 1979, the respondent, while incarcerated in a New York detention facility, was served with an Additional Charge of Deportability (Form I-261) alleging her deportability under section 241(a)(11) of the Act, 8 U.S.C. 1251(a)(11), as an alien convicted of the sale of a controlled substance, to wit: cocaine. The respondent appears to remain in detention.

At the deportation hearing which ensued, counsel for the respondent did not plead to the Order to Show Cause and instead requested a change of venue to Miami, Florida. The reasons given for the request were that the respondent's United States citizen child, her prospective husband and mother-in-law and counsel retained on her behalf were all situated in Florida. The immigration judge denied the motion for a change of venue and adjourned the hearing without entering a final order of deportability. The denial of the motion was based upon his finding that the petitioner had resided in New York for 5 years prior to her incarceration. The immigration judge found further that the respondent had failed to offer any evidence to support the motion and failed to state whether any witnesses would be called at the deportation hearing. Although it is not entirely clear from the record, it appears that the immigration judge adjourned the hearing to enable the respondent to appear in a bond redetermination hearing before another immigration judge.[1]

In the instant case, the decision sought to be reviewed is interlocutory. The regulations defining this Board's jurisdiction permit us to review "decisions of [immigration judges] in deportation cases," 8 C.F.R. 3.1(b)(2). The regulations do not, per se, preclude our consideration of appeals from interlocutory decisions of immigration judges. As a practical matter however, we have construed the regulations as contemplating only appeals from final decisions. *Matter of Sacco*, 15 I&N Dec. 109 (BIA 1974). To permit piecemeal review of interlocutory orders of an immigration judge at successive stages of a deportation proceeding before final decision would only open the door to obfuscation and delay. As a general rule, therefore, this Board does not entertain appeals from interlocutory decisions of immigration judges.

[1] The record indicates that the bond hearing was adjourned because the respondent's prospective husband, who was scheduled to testify at the bond hearing, suffered an epileptic seizure en route to the hearing.

*Matter of Seren*, 15 I&N Dec. 590 (BIA 1976).

On two prior occasions however, we reviewed the interlocutory decisions of immigration judges in cases which raised questions regarding the bounds of authority of immigration judges. *See Matter of Seren, supra; Matter of Fong*, 14 I&N Dec. 670 (BIA 1974). *Matter of Seren* involved an appeal from an interlocutory decision of an immigration judge ruling that he did not have jurisdiction to consider a motion to change venue at a deportation hearing. Although no final order of deportability had been entered in that case, we took the case on certification in view of the significance of the question concerning the jurisdictional powers of immigration judges. We held there that once a deportation hearing is commenced, questions regarding venue are within the jurisdiction of the immigration judge and not the District Director.

In *Fong, supra*, an immigration judge adjourned a deportation hearing indefinitely, pending a definitive decision on the availability of relief under section 241(f) of the Act, 8 U.S.C. 1251(f).[2] In reviewing the immigration judge's order we stated (at p. 671), "The order entered by the immigration judge in this case though interlocutory in form, is far-reaching in effect and raises an important issue in the administration of the immigration laws. The question is presented in a setting which gives it sufficient finality to warrant decision by us at this time. . . . In essence, the question is one of sound administration rather than law." The same cannot be said of the case before us. The question presented here requires a determination based on the substantive elements of venue, rather than one based on the administration of the immigration laws. At this particular stage of the case, such a determination is within the jurisdiction of the immigration judge. *See Matter of Seren, supra*. We do not think that the circumstances of this case warrant an intrusion of that jurisdiction.

Based on the foregoing, we conclude that we lack jurisdiction to adjudicate this appeal. The appeal, therefore, must be dismissed.

ORDER: The appeal is dismissed.

---

[2] The immigration judge in that case pointed out that 250 cases involving the same issue had been held in abeyance.