## MATTER OF ROSALES

### In Deportation Proceedings

### A-27188547

*Decided by Board April 21, 1988*

(1) Where an attorney asks to withdraw from representation of an alien, his request for withdrawal should include evidence that he attempted to advise his client, at his last known address, of the date, time, and place of the scheduled hearing, and he should also provide the immigration judge with the alien's last known address, assuming it is more current than any address previously provided to the immigration judge.

(2) Unless these requirements are met, counsel's withdrawal should be only conditionally granted, that is, granted for all purposes except receipt of service of documents.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
Pro se [1]

ON BEHALF OF SERVICE:
Howard W. Van Winkle
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision and order dated August 5, 1987, an immigration judge administratively closed the respondent's case because the respondent failed to appear for a scheduled hearing and could not be located. The Immigration and Naturalization Service appealed. The appeal will be sustained and the record will be remanded to the immigration judge for further action.

The decision which the Service seeks to have reviewed is interlocutory in nature. This Board does not ordinarily entertain interlocutory appeals. *See Matter of Ruiz-Campuzano,* 17 I&N Dec. 108 (BIA 1979); *Matter of Ku,* 15 I&N Dec. 712 (BIA 1976); *Matter of*

---

[1] The respondent's prior counsel has withdrawn from this case. Service of this decision, however, will be sent to him in case the respondent should be in contact with him. Notice of the decision will also be sent to the respondent at his last known address.

*Sacco,* 15 I&N Dec. 109 (BIA 1974). However, we have on occasion ruled on the merits of interlocutory appeals where we deemed it necessary to address important jurisdictional questions regarding the administration of the immigration laws, or to correct recurring problems in the handling of cases by immigration judges. *See Matter of Correa,* 19 I&N Dec. 130 (BIA 1984); *Matter of Victorino,* 18 I&N Dec. 259 (BIA 1982); *Matter of Alphonse,* 18 I&N Dec. 178 (BIA 1981); *Matter of Wadas,* 17 I&N Dec. 346 (BIA 1980); *Matter of Seren,* 15 I&N Dec. 590 (BIA 1976); *Matter of Fong,* 14 I&N Dec. 670 (BIA 1974). We have concluded that it is appropriate for us to rule on this interlocutory appeal.

The Service argues in its appeal that the immigration judge acted incorrectly in administratively closing this case instead of holding a hearing in absentia and issuing a decision regarding deportability. Under section 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b) (1982), a hearing may be held in absentia if an alien "has been given a reasonable opportunity to be present . . . and without reasonable cause fails or refuses to attend." *See Matter of Marallag,* 13 I&N Dec. 775 (BIA 1971). In the present case the respondent appeared for earlier scheduled hearings but subsequently failed to keep either the Service or his counsel informed of his whereabouts. No explanation has been offered for his failure to appear for the scheduled hearing on August 5, 1987.

We agree with the Service that the immigration judge should not have administratively closed this case but rather should have held an in absentia hearing and issued a final order. A hearing had already been convened in this case, on April 10, 1984. The respondent appeared for that hearing and was given a continuance to apply for asylum. An application for asylum with supporting documents was duly filed. The hearing was subsequently continued on several other occasions. There is no issue regarding proper service of the notice of the August 5, 1987, hearing. The respondent had an obligation to keep the Service apprised of his whereabouts. He failed to do this, or even to keep in contact with his attorney. Under the circumstances of this case, there is no reason why an in absentia hearing should not have been held. Moreover, holding a hearing allows the entry of an order which can then be executed upon the next contact with the respondent. When a case is administratively closed, the respondent is allowed, by simply failing to appear, to avoid an order regarding his deportability, and the consequences an order of deportation could bring. *See Matter of Amico,* 19 I&N Dec. 652 (BIA 1988). We shall therefore remand this case to the immigration judge for further action. It is unclear from the

record before us whether the respondent conceded deportability at the April 10, 1984, hearing. If in fact deportability was conceded, the immigration judge should enter a final decision in absentia, based on the present record. If deportability was not conceded, evidence to establish the respondent's deportability should be presented on remand and a final order then entered by the immigration judge.

The Service also argues on appeal that the immigration judge erred in allowing the respondent's counsel to withdraw in an "ex parte" fashion. The immigration judge granted the motion to withdraw on July 27, 1987, so counsel is no longer representing the respondent and this issue is moot. We note, however, that where an attorney asks to withdraw in a case such as this one, his request should include evidence that he attempted to advise the respondent, at his last known address, of the date, time, and place of the scheduled hearing. Counsel should also provide the immigration judge with the respondent's last known address, assuming it is more current than any address previously provided to the immigration judge. Unless these requirements have been met, a request to withdraw from representation should not be unconditionally granted since counsel is responsible for acceptance of service of documents under 8 C.F.R. § 292.5(a) (1988). Such precautions help insure that proper notice of a hearing is given and increase the likelihood that a respondent receives notice and appears for a scheduled hearing. If these steps have not been taken, counsel's withdrawal should only be conditionally granted, that is, granted for all purposes except receipt of service of documents.

ORDER: The appeal is sustained and the record is remanded to the immigration judge for further action in accordance with the foregoing decision.