

# MATTER OF K-

## In Deportation Proceedings

### A-29690266

### *Decided by Board November 5, 1991*

The language of section 515(a)(2) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5053 (enacted Nov. 29, 1990), amending section 243(h)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h)(2) (1988), expressly states that an alien convicted of an aggravated felony shall be considered to have committed a "particularly serious crime" for purposes of section 243(h)(2)(B), thereby obviating the need for a case-by-case determination of this question, but does not alter the conclusion in *Matter of Carballe*, 19 I&N Dec. 357 (BIA 1986), *modified on other grounds, Matter of Gonzalez*, 19 I&N Dec. 682 (BIA 1988), that under section 243(h)(2)(B) all aliens convicted of "particularly serious crimes" necessarily constitute a "danger to the community." *Matter of U-M-*, 20 I&N Dec. 327 (BIA 1991), *aff'd*, 989 F.2d 1085 (9th Cir. 1993); *Matter of Gonzalez, supra; Matter of Garcia-Garrocho*, 19 I&N Dec. 423 (BIA 1986), *modified on other grounds, Matter of Gonzalez, supra;* and *Matter of Carballe, supra,* clarified.

CHARGE:

Order: Act of 1952—Sec. 241(a)(1) [8 U.S.C. § 1251(a)(1)]—Excludable at entry under section 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa

Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of controlled substance violation

Sec. 241(a)(4)(B) [8 U.S.C. § 1251(a)(4)(B)]—Convicted of aggravated felony

ON BEHALF OF RESPONDENT:
Margaret Gleason, Esquire
Catholic Legal Immigration Network
1221 Massachusetts Avenue, N.W.
Washington, D.C. 20005

ON BEHALF OF SERVICE:
James Reynolds
Acting Appellate Counsel

Janice B. Podolny
District Counsel

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

On April 26, 1991, the immigration judge found that the respondent, an alien convicted of two aggravated felonies, was barred from applying for asylum under section 208(a) of the Immigration and

Nationality Act, 8 U.S.C. § 1158(a) (1988). The immigration judge further concluded that although the respondent was deemed to have committed a "particularly serious crime" for purposes of section 243(h)(2)(B) of the Act, 8 U.S.C. § 1253(h)(2)(B) (1988), as a result of his convictions, he would nevertheless be eligible to pursue withholding of deportation under section 243(h) of the Act if he could show that he does not "constitute[] a danger to the community of the United States" within the meaning of section 243(h)(2)(B) of the Act. The immigration judge set a hearing for May 10, 1991, to determine whether the respondent constitutes a danger to the community. On May 3, 1991, the Board denied a request by the Immigration and Naturalization Service for a stay of the proposed hearing, and the evidentiary hearing was held as scheduled. On June 4, 1991, the immigration judge issued a decision finding that the respondent was no longer a danger to the community within the meaning of section 243(h)(2)(B) of the Act and therefore was entitled to be heard on his application for withholding of deportation to Liberia. The immigration judge scheduled a hearing for July 2, 1991, for adjudication of the merits of the persecution claim. On June 11, 1991, the Service filed this interlocutory appeal of the immigration judge's decision and sought a stay of the proceedings. The Service also filed a motion to reconsider with the immigration judge and requested a stay of the proceedings based on *Matter of U-M-*, 20 I&N Dec. 327 (BIA 1991), *aff'd*, 989 F.2d 1085 (9th Cir. 1993), which was issued by the Board on June 5, 1991, the day after the immigration judge's decision. On June 14, 1991, the immigration judge denied the Service's motion for reconsideration and a stay of proceedings. On June 18, 1991, the respondent requested permission to "join" in the Service's interlocutory appeal. On June 28, 1991, the Board granted a stay of the proceedings and subsequently heard oral argument on August 1, 1991. The Service's interlocutory appeal will be considered and sustained, and the record will be remanded to the immigration judge.

In order to avoid the piecemeal review of the many questions which may arise in a deportation proceeding, this Board does not ordinarily entertain interlocutory appeals. *See Matter of Ruiz-Campuzano*, 17 I&N Dec. 108 (BIA 1979); *Matter of Ku*, 15 I&N Dec. 712 (BIA 1976); *Matter of Sacco*, 15 I&N Dec. 109 (BIA 1974). We have on occasion ruled on the merits of interlocutory appeals where we deemed it necessary to address important jurisdictional questions regarding the administration of the immigration laws, or to correct recurring problems in the handling of cases by immigration judges. *See Matter of Guevara*, 20 I&N Dec. 238 (BIA 1990, 1991); *Matter of Garcia-Reyes*, 19 I&N Dec. 830 (BIA 1988); *Matter of Rosales*, 19 I&N Dec. 655 (BIA 1988); *Matter of Amico*, 19 I&N Dec. 652 (BIA 1988); *Matter of*

*Correa*, 19 I&N Dec. 130 (BIA 1984); *Matter of Victorino*, 18 I&N Dec. 259 (BIA 1982); *Matter of Alphonse*, 18 I&N Dec. 178 (BIA 1981); *Matter of Wadas*, 17 I&N Dec. 346 (BIA 1980); *Matter of Seren*, 15 I&N Dec. 590 (BIA 1976); *Matter of Fong*, 14 I&N Dec. 670 (BIA 1974). We find the issues presented in this case appropriate for review at this time.[1]

The respondent is a native and citizen of Liberia who entered the United States at New York, New York, in June of 1980. On June 20, 1990, the respondent was convicted in the Circuit Court for Frederick County, Maryland, of distribution of a controlled substance (cocaine) in violation of Article 27, Section 286(a) of the Annotated Code of Maryland. The respondent was also convicted in the Circuit Court for Prince George's County, Maryland, on June 25, 1990, of possession with intent to distribute a controlled substance (cocaine) in violation of Article 27, Section 286(a)(1) of the Annotated Code of Maryland. By an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien filed on November 16, 1990, the respondent was charged with deportability under section 241(a)(4)(B) of the Act, 8 U.S.C. § 1251(a)(4)(B) (1988),[2] for conviction of an aggravated felony; under section 241(a)(11) of the Act[3] for conviction of a controlled substance violation; and under section 241(a)(1) of the Act[4] as an alien excludable at the time of entry as an immigrant not in possession of a valid immigrant visa or other entry document. The respondent does not contest that his convictions are aggravated felonies within the meaning of section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (1988). The only issue on appeal is whether the respondent's convictions render him ineligible for withholding of deportation to Liberia.[5]

Pursuant to section 515(a)(1) of the Immigration Act of 1990, Pub.

---

[1] The Service's interlocutory appeal, joined by the respondent, is from the June 4, 1991, decision of the immigration judge. Upon being questioned by the Board at oral argument, both parties requested that the immigration judge's June 14, 1991, decision on the motion for reconsideration also be considered as part of the current joint appeal. We have reviewed both of these orders in reaching our decision.

[2] Revised and redesignated as section 241(a)(2)(A)(iii) of the Act by section 602 of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5080 (effective Nov. 29, 1990).

[3] Revised and redesignated as section 241(a)(2)(B) of the Act by section 602 of the Immigration Act of 1990, 104 Stat. at 5080.

[4] Revised and redesignated as section 241(a)(1)(A) of the Act by section 602 of the Immigration Act of 1990, 104 Stat. at 5077-78.

[5] Although the Attorney General has designated Liberia under the Temporary Protected Status Program pursuant to section 244A(b) of the Act, 8 U.S.C. § 1254a(b) (Supp. II 1990), the respondent, by virtue of his conviction for a drug-related aggravated felony, is not eligible for temporary protected status under section 244A(c)(2) of the Act. *See* 56 Fed. Reg. 12,746 (1991).

L. No. 101-649, 104 Stat. 4978, 5053 (enacted November 29, 1990), which amended section 208 of the Immigration and Nationality Act, an alien who has been convicted of an aggravated felony "may not apply for or be granted asylum." This bar applies to applications for asylum made on or after November 29, 1990, and, therefore, as found by the immigration judge, renders the respondent in this case ineligible to apply for asylum.

Section 243(h)(2)(B) of the Act states that withholding of deportation "shall not apply to any alien if the Attorney General determines that ... the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States."

Section 515(a)(2) of the Immigration Act of 1990, 104 Stat. at 5053, amended section 243(h)(2) to add the following at the end: "For purposes of subparagraph (B), an alien who has been convicted of an aggravated felony shall be considered to have committed a particularly serious crime." The 1990 Act is silent as to the effective date of section 515(a)(2). In *Matter of U-M-*, this Board found that in the absence of any statutory instruction to the contrary, the effective date of the amendment was the date of enactment of the 1990 Act, which was November 29, 1990. *Matter of U-M-, supra*, at 332. We therefore apply the amended version of section 243(h)(2) of the Act in reviewing the respondent's eligibility for withholding of deportation. *Id.*

In *Matter of Carballe*, 19 I&N Dec. 357 (BIA 1986), *modified on other grounds, Matter of Gonzalez*, 19 I&N Dec. 682 (BIA 1988), we rejected the contention that section 243(h)(2)(B) requires two separate and distinct findings as to the seriousness of the crime and the danger to the community because we found that the proper focus in section 243(h)(2)(B) of the Act is on the serious nature of the crime and not on the likelihood of future serious misconduct on the part of the alien. As stated in *Carballe*:

> If it is determined that the crime was a "particularly serious" one, the question of whether the alien is a danger to the community of the United States is answered in the affirmative. We do not find that there is a statutory requirement for a separate determination of dangerousness focusing on the likelihood of future serious misconduct on the part of the alien.

*Matter of Carballe, supra*, at 360 (citing *Crespo-Gomez v. Richard*, 780 F.2d 932 (11th Cir. 1986); *Zardui-Quintana v. Richard*, 768 F.2d 1213 (11th Cir. 1985) (Vance, J., concurring)); *see also Ramirez-Ramos v. INS*, 814 F.2d 1394 (9th Cir. 1987); *Matter of Gonzalez, supra; Matter of Garcia-Garrocho*, 19 I&N Dec. 423 (BIA 1986), *modified on other grounds, Matter of Gonzalez, supra; cf. Matter of Rodriguez-Coto*, 19 I&N Dec. 208 (BIA 1985), *modified on other grounds, Matter of*

*Gonzalez, supra; Matter of Frentescu,* 18 I&N Dec. 244 (BIA 1982), *modified on other grounds, Matter of Gonzalez, supra.*

In *Matter of U-M-, supra,* while not addressing the specific arguments raised in the present appeal, the Board followed the holding of *Carballe* in applying section 243(h)(2)(B), as amended by the Immigration Act of 1990, in the case of an alien convicted of an aggravated felony. We found there that an alien convicted of an aggravated felony has been convicted of a particularly serious crime for purposes of section 243(h)(2)(B) of the Act and 8 C.F.R. § 208.16(c)(2)(ii) (1991), and, as no separate finding of danger to the community is required under *Matter of Carballe,* the alien is ineligible for withholding of deportation. *Matter of U-M-, supra,* at 5, 8.[6]

The immigration judge in the instant case reasoned that, based on the amendments of the Immigration Act of 1990, the Board's decision in *Matter of Carballe, supra,* is no longer applicable. He determined that while an alien convicted of an aggravated felony is considered to have committed a particularly serious crime, he might not constitute a danger to the community and therefore would not be barred from withholding of deportation under section 243(h)(2)(B). The immigration judge found that if Congress, in enacting the Immigration Act of 1990, intended to render all aggravated felons ineligible for withholding of deportation, it would have done so in clear, unambiguous language as it did for asylum. The immigration judge relied on representations from Carl W. Hampe, Minority Counsel to the Senate Subcommittee on Immigration & Refugee Affairs, to the effect that an alien convicted of an aggravated felony is barred from applying for asylum but may still request withholding of deportation. Hampe, *Immigration Enforcement, Exclusions and Deportation Provisions of the Immigration Act of 1990,* in *The Immigration Act of 1990* 212, 216-17 (1990). Alternatively, the immigration judge found that even after *Matter of U-M-* the Board "continues" to apply only a "presumption" that an alien convicted of a particularly serious crime constitutes a danger to the community. The immigration judge stated that the Board "has neither stated nor implied that this presumption is an irrebuttable presumption; that is, that an individual having been convicted of a particularly serious crime, to now include an aggravated felon, is and always will be a danger to the community of the United States." The immigration judge stressed that it is not logical to find

---

[6] The regulatory bar to asylum found in 8 C.F.R. § 208.14(c)(1) (1991) for commission of a particularly serious crime is, of course, not at issue in this case, as the respondent is ineligible to apply for asylum, and, absent an application for asylum, the regulation is not called into play. *See* section 515(a)(1) of the Immigration Act of 1990, 104 Stat. at 5053.

that an aggravated felon "will always" pose a danger to the community and should "forever" be barred from withholding of deportation.

On appeal the Service contends that *Matter of Carballe* and *Matter of U-M-* are controlling, and that the immigration judge's decision must therefore be reversed. In his reply brief and at oral argument, the respondent, through counsel, reiterated the arguments noted by the immigration judge in support of the conclusion that, subsequent to the amendments of the Immigration Act of 1990, a finding that an alien "constitutes a danger to the community of the United States" is separate and distinct from a finding that he has been convicted of a "particularly serious crime." The respondent contends that barring an alien convicted of an aggravated felony from asylum but permitting him to apply for withholding of deportation is not inconsistent with the Act in that asylum is a more generous form of relief than withholding. The respondent further emphasizes the strength of the underlying merits of his claim for withholding of deportation and that his trafficking convictions involved only small amounts of a controlled substance.

We find that the plain language of section 243(h)(2) as amended does not indicate the result reached by the immigration judge. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987); *INS v. Phinpathya*, 464 U.S. 183, 189 (1984) (the starting point in cases involving statutory construction must be the language employed by Congress, and it is assumed that the legislative purpose is expressed by the ordinary meaning of the words used). Congress is presumed to know the prior construction of a statute. 1A N. Singer, *Sutherland Statutory Construction* §§ 22.33, 22.35 (4th ed. 1985); *Matter of Castro*, 19 I&N Dec. 692, 695 (BIA 1988). Congress did not change the statutory language of section 243(h)(2)(B) in any way to suggest disapproval of the Board's construction of this provision in *Matter of Carballe, supra.* Through section 515(a)(2) of the Immigration Act of 1990 Congress clarified that all aggravated felonies are to be considered particularly serious crimes for the purpose of section 243(h)(2)(B),[7] but left section 243(h)(2)(B) and our analysis of it undisturbed. While the language of section 515(a)(2) expressly states that an alien convicted of an aggravated felony shall be considered to have committed a particularly serious crime, thereby obviating the need for a case-by-case determina-

[7] The parties and the immigration judge did not address the question whether only aggravated felonies are to be considered particularly serious crimes for the purpose of section 243(h)(2)(B) of the Act as clarified by section 515(a)(2) of the Immigration Act of 1990, or whether certain crimes which are not aggravated felonies may be particularly serious crimes within the meaning of that provision. We find it unnecessary to decide this issue for disposition of this interlocutory appeal.

tion of this question, *see Matter of U-M-, supra,* at 331-32 (citing *Beltran-Zavala v. INS,* 912 F.2d 1027 (9th Cir. 1990)), it does not alter the conclusion in *Carballe* that under section 243(h)(2)(B) all aliens convicted of particularly serious crimes necessarily constitute a danger to the community.[8] For Congress to repeat the language concerning "danger to the community" in section 515(a)(2), knowing how the language of section 243(h)(2)(B) has been interpreted, would only have been redundant.

We are not persuaded by the argument that if Congress had intended to absolutely preclude aggravated felons from withholding of deportation, it would have used the same unambiguous language that it did for the asylum preclusion added by section 515(a)(1) of the Immigration Act of 1990. Considering the existing framework of statutory bars in section 243(h)(2) and the fact that there is no formal application for withholding as for asylum, it seems a much simpler answer that Congress did intend to preclude aggravated felons from withholding of deportation and, knowing how section 243(h)(2)(B) has been interpreted, achieved that result by simply clarifying the existing bar to eligibility in section 243(h)(2)(B), rather than adding a wholly independent bar based on conviction for an aggravated felony.

Because we find no ambiguity in the language of section 243(h)(2) as amended, there is no reason to consult legislative history. Moreover, with respect to the comments of Carl W. Hampe, Minority Counsel to the Senate Subcommittee on Immigration & Refugee Affairs, the respondent has advanced no arguments that the comments of a staff member are properly considered legislative history or that any comments which postdate the act to which they refer, as did Mr. Hampe's, are properly considered legislative history of that act.

We are also not convinced by the immigration judge's emphasis that it is not logical to find that an aggravated felon "will always" pose a danger to the community and should "forever" be barred from withholding of deportation. In *Matter of Carballe, supra,* the Board found that the proper focus of section 243(h)(2)(B) of the Act is on the

---

[8] We do not agree with the immigration judge's conclusion that the decision in *Matter of Carballe* indicates that a finding of particularly serious crime creates only a *rebuttable presumption* of danger to the community. At one point in *Carballe,* in noting that the statutory key to determining whether an alien constitutes a danger to the community is whether he has been convicted of a particularly serious crime, we stated that "those aliens who have been finally convicted of particularly serious crimes are presumptively dangers to this country's community." *Matter of Carballe, supra,* at 360. However, the unqualified conclusion in *Carballe* is that "[i]f it is determined that the crime was a 'particularly serious' one, the question of whether the alien is a danger to the community of the United States is answered in the affirmative." *Id.; see also Ramirez-Ramos v. INS, supra; Matter of Gonzalez, supra; Matter of Garcia-Garrocho, supra.*

serious nature of the crime and *not* on the likelihood of future serious misconduct on the part of the alien. Accordingly, the Board in *Carballe* rejected the contention that section 243(h)(2)(B) requires two separate and distinct findings as to the seriousness of the crime and the danger to the community. Furthermore, the emphasis of the immigration judge on rehabilitation potential seems even less appropriate in the context of aliens convicted of an aggravated felony, considering the priority given in the Act to streamlined procedures directed at the prompt deportation of such aliens. *See, e.g.,* section 242(a)(2) of the Act, 8 U.S.C. § 1252(a)(2) (1988) (mandatory detention for aliens convicted of an aggravated felony who are not lawful permanent residents); section 242(a)(3)(A) of the Act (investigative resources for identifying and tracking alien aggravated felons); section 242A(a) of the Act, 8 U.S.C. § 1252a(a) (1988) (special deportation proceedings for incarcerated criminal aliens); section 242A(c) of the Act (presumption of deportability for aliens convicted of an aggravated felony).

We note the policy argument raised by the respondent that it would not necessarily be inconsistent for Congress to make "danger to the community" a separate and distinct test in section 243(h)(2)(B), and thereby allow for the possibility of an alien convicted of an aggravated felony to qualify for withholding of deportation, even if asylum is categorically denied to aggravated felons, because a grant of asylum contemplates the adjustment of the alien to lawful permanent resident status in this country and withholding only requires that the alien not be deported to the country of persecution. However, based on the language of section 515 of the Immigration Act of 1990, we find that Congress did not choose to do so. There is no dispute that Congress has taken a strong stance in the Immigration and Nationality Act against aliens who commit aggravated felonies. Removing eligibility for both asylum and withholding of deportation is consistent with this stance and creates a strong incentive for aliens coming to this country not to commit aggravated felonies. For aliens who are established in this country as longtime lawful permanent residents, relief from deportation under section 212(c) of the Act, 8 U.S.C. § 1182(c), may be available notwithstanding the conviction of an aggravated felony.

We conclude that the respondent, as an alien who has been convicted of an aggravated felony, has been convicted of a particularly serious crime, and therefore, constitutes a danger to the community of the United States within the meaning of section 243(h)(2)(B) of the Act. He is ineligible for withholding of deportation. Section 243(h)(2) of the Act; *see also* 8 C.F.R. § 208.16(c)(2)(ii) (1991); *Matter of U-M-, supra; Matter of Carballe, supra.* The respondent's emphasis on appeal concerning the underlying merits of his persecution claim and the allegedly small amount of controlled substance involved in his

425

convictions is therefore not relevant. The statutory bar to withholding of deportation based on conviction of a particularly serious crime relates only to the nature of the crime and does not vary with the nature of the evidence of persecution. *Ramirez-Ramos v. INS, supra,* at 1397-98; *Matter of Garcia-Garrocho, supra,* at 424-25; *Matter of Rodriguez-Coto, supra,* at 209-10. Furthermore, the language of section 515(a)(2) of the Immigration Act of 1990, amending section 243(h)(2) of the Act, reflects no distinction based on the relative severity of an aggravated felony.

Accordingly, the interlocutory appeal of the Immigration and Naturalization Service will be sustained.

**ORDER:** The appeal is sustained, and the record is remanded to the immigration judge for further proceedings consistent with the foregoing decision.