**Diego Sebastian MUNOZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71512.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.*

Decided May 16, 2005.

Edgardo Quintanilla, Esq., Attorney at Law, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS—District Counsel, Immigration and Naturalization Service Office of The District Counsel, Seattle, WA, David V. Bernal, Attorney, Margaret Taylor, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

### MEMORANDUM **

Diego Sebastian Munoz, a native and citizen of Argentina, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his motion to reopen his removal proceedings and rescind his in absentia removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), we grant the petition for review, and remand for further proceedings.

Munoz has exhausted his contention that the IJ erroneously entered an in absentia removal order, because he argued before the BIA that the relevant notice of hearing was not sent to his then-counsel of record. *See Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir.2004).

The IJ's conditional acceptance of Munoz's former counsel's withdrawal was predicated on counsel being "responsible for acceptance of service documents," a requirement intended to "increase the likelihood that a respondent receives notice and appears for a scheduled hearing." *In re Rosales*, 19 I. & N. Dec. 655, 657 (BIA 1988). Thus, Munoz was "entitled to assume that the attorney who previously appeared for him [would] receive notice of all relevant hearings in his case." *Dobrota v. INS*, 311 F.3d 1206, 1213 (9th Cir.2002).

The agency was obligated to serve Munoz's notice of hearing on his counsel of record. *See* 8 C.F.R. § 292.5(a) ("Whenever a person is required by any of the provisions of this chapter to . . . be served . . . [such service] shall be [upon] the attorney or representative of record."). Because service on his counsel was not effected, Munoz has demonstrated that he "did not receive notice in accordance with paragraph (1) or (2) of section 239(a)" of the Immigration and Nationality Act. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii). The IJ therefore abused his discretion in denying Munoz's motion to reopen his removal proceedings and rescind his in absentia removal order. *See Singh*, 213 F.3d at 1052 (holding that a decision "contrary to law" is an abuse of discretion).

PETITION FOR REVIEW GRANTED; REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.