**Barijinder SINGH, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–2908–ag.

United States Court of Appeals, Second Circuit.

June 24, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Martin Avila Robles, San Francisco, CA, for Petitioner.

Jem C. Sponzo, Trial Attorney (Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; M. Jocelyn Lopez Wright, Assistant Director, on the brief), Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Circuit Judges, and Hon. WILLIAM K. SESSIONS III, District Judge.[2]

### SUMMARY ORDER

Petitioner Barijinder Singh, a native and citizen of India, seeks review of the June 7, 2007 order of the BIA affirming the August 15, 2006 decision of Immigration Judge ("IJ") Robert D. Weisel, denying his motion to "recalendar deportation proceedings & vacate in absentia deportation order" that was entered on December 14, 1995. *In re Barijinder Singh*, No. A72 409 681 (B.I.A. June 7, 2007), *aff'g* No. A72 409 681 (Immig. Ct. N.Y. City Aug. 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where an alien files a timely petition for review only from the denial of a motion to reopen or reconsider, we may review only the denial of that motion. *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir.2001). Singh previously filed two motions to reopen. However, because Singh has petitioned for review only of the agency's denial of his July 2006 motion to "recalendar deportation proceedings & vacate in absentia deportation order," [3] we review only that decision. *Id.* We review the BIA's denial of a motion to reopen to rescind an in absentia deportation order

---

**2.** The Honorable William K. Sessions III, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

**3.** The IJ and BIA treated Singh's motion to "recalendar deportation proceedings and vacate in absentia deportation order" as a motion to reopen. Singh does not object to that treatment, and instead argues that "[w]hether treated as a motion to reopen or motion to reconsider" the BIA exceeded its allowable discretion. Thus, we will similarly treat Singh's motion as a motion to reopen.

for abuse of discretion. *See Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir.2006); *Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam); *Ke Zhen Zhao,* 265 F.3d at 93. When the BIA does not expressly "adopt" the IJ's decision, but its decision closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006).

■ Singh argues that the IJ lacked jurisdiction to enter the December 14, 1995 in absentia deportation order because the BIA had already assumed jurisdiction over the proceedings with the November 1995 filing of the government's interlocutory appeal, and that the record was "confusing enough" to merit reopening the proceedings. Singh's motion was filed in July 2006, approximately ten years after his in absentia deportation order became final in 1996, due to the expiration of the time of appeal. *See* 8 C.F.R. § 1003.39.

Pursuant to 8 C.F.R. § 1003.23(b)(1) "a party may file only ... one motion to reopen proceedings" and that motion "must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion." The regulation also sets forth certain exceptions to those time and numerical limitations. *See* 8 C.F.R. § 1003.23(b)(4); *Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130 (2d Cir.2005) (per curiam) (denying petition for review where petitioner argued that he would be persecuted if returned to China because his wife was pregnant with their second child, after finding that the agency did not exceed its allowable discretion in holding that none of the exceptions to the time limitation applied to the motion and that the motion to reopen was therefore untimely). Congress "directed the Attorney General to promul-gate regulations limiting the number of reconsideration and reopening motions that an alien could file" in order to help ameliorate the problem of successive and frivolous motions. *Stone v. INS,* 514 U.S. 386, 400, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). And motions to reopen are generally disfavored, as there is a "a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases." *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); *accord Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006). However, we have held that the time limits "were not intended to be inflexible," and that even if one of the listed exceptions does not apply, equitable tolling may apply to the filing deadlines of a motion to reopen. *Iavorski v. INS,* 232 F.3d 124, 131, 134 (2d Cir. 2000) (holding a claim of ineffective assistance of counsel may be grounds for equitable tolling).

Singh's present motion to reopen does not qualify for one of the exceptions in section 1003.23(b)(4), nor does it qualify for equitable tolling. As the BIA noted, a motion to reopen may qualify for an exception to the time and numerical limitations set forth in section 1003.23(b)(1) where a petitioner seeks to rescind an in absentia order pursuant to section 1003.23(b)(4)(iii)(A). *See* 8 C.F.R. § 1003.23(b)(4)(iii)(D). Under section 1003.23(b)(4)(iii)(A),

[a]n order entered in absentia in deportation proceedings may be rescinded only upon a motion to reopen filed: [w]ithin 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances beyond the control of the alien ....; or [a]t any time if the alien demonstrates

that he or she did not receive notice or if the alien demonstrates that he or she was in federal or state custody and the failure to appear was through no fault of the alien.

8 C.F.R. § 1003.23(b)(4)(iii)(A). Singh's present motion to reopen, however, was not filed within 180 days, for purposes of the exceptional circumstances exception; nor has he argued that he failed to receive notice of his hearing, or that he was in custody.[4] Likewise, Singh's motion does not qualify for the changed country conditions exception to the time limitation, nor was the motion agreed upon by the parties and jointly filed. *See* 8 C.F.R § 1003.23(b)(4)(i), (iv). Moreover, even assuming that Singh can demonstrate grounds for equitable tolling of the time limitation, Singh did not demonstrate that he exercised due diligence during the period that must be tolled. *See Iavorski*, 232 F.3d at 135 (explaining that equitable tolling on the basis of ineffective assistance of counsel is available only if the alien can demonstrate that she has "exercised due diligence in pursuing the case during the period the alien seeks to toll").

Though Singh filed his motion out of time, the BIA reviewed the record and dismissed Singh's appeal upon finding that the record was clear and that the government's interlocutory appeal had no bearing on the IJ's jurisdiction over the December 11, 1995 hearing. As we find that Singh's motion does not qualify for any of the enumerated exceptions to the time limitation or for equitable tolling, we find that the BIA did not exceed its allowable discretion in denying the motion. *See id.* at 134 (noting that "we may affirm the BIA's denial of the motion to reopen on grounds not stated in the decision if we are certain, given the facts, as to how the BIA would have resolved this issue").

We also note, however, that even if the motion was not untimely, the agency's denial of the motion was not in excess of its allowable discretion. Interlocutory appeals are ordinarily not entertained by the BIA, and the BIA has held that as long as the BIA does not assume jurisdiction, the IJ retains it. *See Singh–Bhathal v. INS*, 170 F.3d 943, 945 (9th Cir.1999) (citing *Matter of Correa*, 19 I. & N. Dec. 130 (B.I.A.1984)); *Matter of Ku*, 15 I. & N. Dec. 712, 712–13 (B.I.A.1976). Indeed, Singh does not dispute that jurisdiction remains with the IJ unless the BIA asserts jurisdiction over the case. *See Matter of Seren*, 15 I. & N. Dec. 590 (B.I.A.1976); *Matter of Fong*, 14 I. & N. Dec. 670 (B.I.A. 1974). Contrary to Singh's argument, nothing in the record demonstrates that the BIA assumed jurisdiction over the government's interlocutory appeal, such as by certifying the question. *See* 8 C.F.R. § 1003.7; *see also Matter of Ku*, 15 I. & N. Dec. at 712–13.

In addition, Singh's argument that the record was so confusing as to warrant reopening his proceedings is without merit. The record contains two IJ decisions dated December 11, 1995, one of which was unsigned and which reopened the proceedings and one of which was a transcript of the IJ's decision ordering Singh deported in absentia. Singh admits that the unsigned December 11, 1995 decision reopening the proceedings "was obviously prepared in connection with the government's appeal of the IJ's grant [of reopening]" and further acknowledges that the record contains two signed copies of the same

---

4. In a previous motion to reopen, Singh argued that his attorney did not provide him notice of the December 11, 1995 hearing date; however, on appeal from that motion, he did not argue lack of notice to the BIA, nor did he petition for review from the subsequent order dismissing his appeal. Thus, as noted, we do not consider that motion here.

**82**

decision dated October 1995. As such, the BIA did not err in finding that the erroneously dated copy of the IJ's decision did not create confusion in the record sufficient to warrant reopening his proceedings. *See Kaur,* 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED.