**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALICIA LUNA FLORES; JUAN ALBERTO BAQUERA SANTOYO; M.S.B.L., a Juvenile Female, | No.  20-71833 |
| Petitioners, | Agency Nos.  A205-248-974  A205-248-975  A215-820-226 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2025**
Pasadena, California

Before:  WARDLAW, BERZON, and MILLER, Circuit Judges.

Alicia Luna Flores, Juan Alberto Baquera Santoyo, and their minor

daughter, natives and citizens of Mexico, petition for review of a decision by the

Board of Immigration Appeals ("BIA") dismissing their appeal from an

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Judge's ("IJ") decision denying their motion for a continuance and deeming their applications for immigration relief abandoned. We have jurisdiction under 8 U.S.C. § 1252(a). "Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted). "We review factual findings for substantial evidence and legal questions de novo." *Id.* We review the decision to deem an application for immigration relief as abandoned or waived for abuse of discretion. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). "Absent a showing of clear abuse, we typically do not disturb an IJ's discretionary decision not to continue a hearing." *Usubakunov v. Garland*, 16 F.4th 1299, 1304 (9th Cir. 2021) (citation omitted).

1.　　The petitioners did not in their opening brief in this court challenge the holding that their applications were abandoned, and so have forfeited that challenge. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

In any event, the BIA did not abuse its discretion in holding that the petitioners abandoned their applications for immigration relief by failing to submit any applications before the IJ's deadline. A noncitizen's failure to meet the timelines set by an IJ will result in waiver of his or her application. 8 C.F.R. § 1003.31(h). Here, in a hearing attended by the petitioners' counsel, the IJ

imposed a November 6, 2019, deadline for the petitioners to file applications for immigration relief. The petitioners did not file any applications by the deadline or request an extension, so the IJ denied the petitioners' claims for asylum, statutory withholding of removal, and withholding of removal under the Convention Against Torture ("CAT"), concluding that the applications were abandoned. The BIA dismissed the petitioners' appeal of the IJ's removal order on the same basis. In so doing, the BIA did not abuse its discretion. *Taggar*, 736 F.3d at 889–90.

2.    The BIA did not ignore the petitioners' interlocutory appeal of the IJ's refusal to consolidate the petitioners' case with those of their relatives or their accompanying motion to stay proceedings. The BIA "does not ordinarily entertain interlocutory appeals." *Matter of K-*, 20 I. & N. Dec. 418, 419 (1991). Here, the BIA formally acknowledged receipt of the petitioners' interlocutory appeal on December 10, 2019, and then denied the interlocutory appeal as moot on January 15, 2020, noting the immigration judge's January 9 removal order. So the BIA did not ignore the appeal and motion but ruled on them appropriately, given the petitioners' failure to apply for immigration relief.

3.    Petitioners have not demonstrated any violation of their due process rights. They cannot show that the IJ's denial of their motion to consolidate and alternative request for a continuance "was so fundamentally unfair" that the petitioners were "prevented from reasonably presenting [their] case." *Gutierrez v.*

3

*Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (citation modified).

The petitioners allege that a family member[1] was the target of a politically motivated assassination attempt in the petitioners' hometown and maintain that his testimony was "uniquely significant to the outcome" of their immigration case.[2] The petitioners' motion to consolidate and alternative request for a continuance, which the IJ denied and the BIA dismissed as moot on appeal, sought to allow the family member to testify in their case. The petitioners did not, however, submit any applications for immigration relief. So the relative's testimony could not have influenced the outcome of the petitioners' case, as there were no proceedings in which his testimony would have been relevant. As the petitioners have not demonstrated prejudice, they suffered no due process violation. *See Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (holding that a noncitizen "must show error and substantial prejudice" to prevail on a due process challenge to deportation proceedings) (citation omitted).

---

[1] The relative traveled to the United States with the petitioners and was removed to Mexico in June 2019. *See Luna-Flores v. U.S. Att'y Gen.*, 859 F. App'x 869, 871 (11th Cir. 2021).

[2] Petitioners have sufficiently exhausted their administrative remedies for claims related to the violation of DHS detainee transfer policies. Petitioners' interlocutory appeal brief "provided the BIA with adequate opportunity to correct any errors occurring in the proceedings below." *Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011) (citation modified).

**PETITION DENIED.**[3]

---

[3] Petitioners' Motion to Take Judicial Notice is denied as moot. The documents identified by the petitioners in the motion, including the petitioners' motion to consolidate and interlocutory appeal brief, were included in an updated administrative record filed by the government in this court.